# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA,** Defendant.

Civil Action No. 25-cv-000309 (Honorable Judge Sullivan)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND**

## I. INTRODUCTION

Plaintiff **Zainab Yusuff**, proceeding **pro se**, respectfully submits this Opposition to Defendant's **Motion to Extend the Deadline** to respond to the Amended Complaint. Defendant has failed to demonstrate **good cause** under **Fed. R. Civ. P. 6(b)(1)(A)** and is **engaging in dilatory tactics** designed to delay these proceedings and prejudice Plaintiff.

Defendant had ample time to evaluate the allegations in this case **before removal** and has **failed to articulate any legitimate reason** for an extension. The request is an **improper attempt to further delay justice** and place additional burdens on Plaintiff, who is pursuing her claims without legal representation. Accordingly, Defendant's motion should be **denied in its entirety**.

---

## II. LEGAL STANDARD

Under **Fed. R. Civ. P. 6(b)(1)(A),** a court may grant an extension of time **only upon a showing of good cause.** Courts routinely deny extensions **where the movant fails to justify the delay or where the extension would prejudice the opposing party.** See **Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990)** (finding that "courts should not indulge delays that unfairly prejudice the opposing party"); **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)** (holding that courts should consider the movant's diligence and potential prejudice to the opposing party in granting extensions).

---

## III. DEFENDANT FAILS TO SHOW GOOD CAUSE FOR AN EXTENSION

Defendant argues that it needs additional time to "investigate Plaintiff's claims, research the law, and draft an appropriate response." However, this assertion is **contradicted by the procedural history of this case**:

1. **Defendant was aware of Plaintiff's claims before removal.** The Amended Complaint was filed in **D.C. Superior Court on January 18, 2025**, and Defendant had ample opportunity to assess the claims **before removing the case to federal court** on **February 3, 2025**.
2. **Defendant deliberately chose to remove the case** to federal court **instead of responding in Superior Court**, knowing that this procedural shift would restart the



RECEIVED
FEB 12 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

clock. This does not constitute "good cause" but rather a **manipulation of procedural rules to stall litigation.**

3. **The motion to extend time is part of a pattern of delay.** Defendant **waited until the response deadline was approaching** before filing for an extension, despite knowing of its obligation for weeks.

---

## IV. GRANTING THIS EXTENSION WOULD UNFAIRLY PREJUDICE PLAINTIFF

Allowing an extension would **unjustly burden Plaintiff, who is already disadvantaged as a pro se litigant.** Defendant's delay tactics serve no legitimate purpose and **only work to drain Plaintiff's resources and extend the timeframe of this case unnecessarily.** Courts have rejected such tactics in similar cases:

- **Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1030 (7th Cir. 1998):** Courts should not grant extensions where the delay benefits only the defendant and disadvantages the plaintiff.
- **Henson v. Columbus Bank & Trust Co., 770 F.2d 1566 (11th Cir. 1985):** Extensions should not be granted where they result in undue delay and unfair prejudice.

Moreover, **Defendant's assertion that Plaintiff "did not respond" to a request for consent** should not be held against Plaintiff. Plaintiff is not obligated to agree to an unnecessary delay that serves only to benefit Defendant. **Silence does not equal consent.**

---

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **DENY Defendant's Motion to Extend the Deadline** and require Defendant to respond to the Amended Complaint **without further delay**.

**Dated:** February 10, 2025
**Respectfully submitted,**

**Zainab Yusuff**
Plaintiff, Pro Se
4600 Nannie Helen Burroughs Ave NE
Washington, DC 20019
zdyusuff@gmail.com

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA,** Defendant.

Civil Action No. 25-cv-000309 (Honorable Judge Sullivan)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, I served a true and correct copy of the foregoing Opposition to Defendant's Motion to Extend Time on Defendant via electronic:

**Katherine Brumund**
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
katherine.brumund@dc.gov

/s/ Zainab Yusuff
Zainab Yusuff, Pro Se