UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA,** Defendant.

Civil Action No. 25-cv-000309 (Honorable Judge Sullivan) 2.10.25

**PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA (2024-CAB-005229)**

## I. Improper Removal Under 28 U.S.C. § 1441(a)

### A. Plaintiff's Right to Choose Forum

The **plaintiff is the master of her complaint** and has the right to litigate in the forum of her choice unless removal is explicitly authorized by statute. While the District argues that federal question jurisdiction exists, the **mere presence of federal claims does not mandate removal**, particularly when state-law claims predominate. (See **Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)**—stating that the plaintiff's claim controls removal jurisdiction.)

### B. The Well-Pleaded Complaint Rule

- **Plaintiff's federal claims do not automatically grant federal jurisdiction** when they are intertwined with state-based rights and remedies. (See **Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986)**—where the presence of a federal issue in a state-law claim does not necessarily confer jurisdiction).
- The **D.C. Human Rights Act and the D.C. Whistleblower Protection Act claims** (state law claims) form the core of this case. Any reliance on federal statutes is **supplemental**, and Plaintiff retains the right to pursue her claims in state court.

## II. Supplemental Jurisdiction Under 28 U.S.C. § 1367(a)

- Defendant argues that because federal claims exist, **this Court should exercise supplemental jurisdiction over the state-law claims**. However:
  - The Supreme Court has ruled that **federal courts may decline supplemental jurisdiction** where state-law issues predominate. (See **United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)**—holding that federal courts should avoid cases where state-law claims predominate over federal claims).
  - The **D.C. Human Rights Act provides broader protections** than the ADA and should be interpreted in D.C. courts where it was legislated and where judges are familiar with its application. (See **Estate of Wallace v. D.C., 32 A.3d 147 (D.C. 2011)**—emphasizing the broad remedial purposes of the DCHRA.)
  - Plaintiff's **D.C. Whistleblower Protection Act claims require interpretation of local statutes**, best suited for the Superior Court.

**PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**



FEB 12 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA,** Defendant.

Civil Action No. 25-cv-000309 (Honorable Judge Sullivan) 2.10.25

**PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA (2024-CAB-005229)**

**I. INTRODUCTION**

Plaintiff **Zainab Yusuff**, proceeding **pro se**, respectfully moves this Court for an **Order remanding this case back to the Superior Court of the District of Columbia** pursuant to **28 U.S.C. § 1447(c)** on the grounds that Defendant's removal was **procedurally and substantively improper, jurisdictionally defective, and prejudicial to Plaintiff's ability to fairly litigate her claims.**

Defendant's removal is an improper attempt to delay and obstruct Plaintiff's access to justice, as **this case is primarily based on violations of D.C. laws**, including the **D.C. Human Rights Act (DCHRA) and the D.C. Whistleblower Protection Act (DCWPA).** These claims **do not require federal jurisdiction**, making the Superior Court of the District of Columbia the proper forum for adjudication.

---

**II. LEGAL STANDARD FOR REMAND**

Under **28 U.S.C. § 1441(a)**, a defendant may remove a civil action to federal court **only if the federal court has original jurisdiction over the claims**. However, **28 U.S.C. § 1447(c)** mandates that **any case removed without proper jurisdiction must be remanded.**

Federal courts routinely remand cases where state-law claims predominate or where **federal claims are secondary and do not substantially impact the case**. See **Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986)** (holding that the mere presence of a federal issue in a state-law claim does not automatically confer federal jurisdiction); **United Mine Workers v. Gibbs, 383 U.S. 715 (1966)** (stating that where state-law claims dominate, federal jurisdiction is improper).

This Court must grant remand if:

1. **Plaintiff's claims arise primarily under D.C. law, not federal law**;
2. **Federal jurisdiction is not necessary to resolve the claims**; and
3. **Defendant's removal was procedurally improper or prejudicial.**

Each of these factors applies here.

---

**III. REMOVAL WAS IMPROPER BECAUSE STATE LAW PREDOMINATES**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA,** Defendant.

Civil Action No. 25-cv-000309 (Honorable Judge Sullivan) 2.10.25

**PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA (2024-CAB-005229)**

Plaintiff's claims are **rooted in the D.C. Human Rights Act (DCHRA) and the D.C. Whistleblower Protection Act (DCWPA)**, which provide broader protections than their federal counterparts. Courts have held that claims under these laws are best adjudicated in **D.C. Superior Court**. See **Johnson v. D.C., 935 F. Supp. 2d 85 (D.D.C. 2013)** (finding that claims under DCHRA are more appropriately heard in D.C. courts).

Additionally, the **District's own procedural history demonstrates bad faith**—it has previously engaged in **misrepresentation and obstructionist tactics in other employment-related litigation,** such as **Cole v. OEA**, raising significant concerns about its intent in removing this case.

---

### IV. DEFENDANT'S REMOVAL IS A BAD-FAITH DELAY TACTIC

Defendant removed this case **only after Plaintiff amended her complaint to clarify federal claims**, despite having had full knowledge of the claims from the outset. This **deliberate maneuvering** serves no legitimate purpose other than to delay litigation and impose additional burdens on a pro se litigant. Courts have condemned such tactics:

- **Williams v. Int'l Paper Co., 556 F.3d 865 (8th Cir. 2009)** (remanding case where removal served only to delay state-law proceedings).
- **Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)** (sanctioning bad-faith removals aimed at procedural obstruction).

Given that **Plaintiff has already suffered delays due to Defendant's procedural misconduct**, this Court must not allow further prejudicial delays by permitting removal to stand.

---

### V. REMAND IS IN THE INTEREST OF JUSTICE

Returning this case to **D.C. Superior Court** is necessary to ensure:

1. **Proper adjudication of Plaintiff's claims under D.C. laws**;
2. **Elimination of unnecessary delays caused by Defendant's bad-faith removal**; and
3. **Fair access to justice for a pro se litigant facing obstructionist litigation tactics.**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ZAINAB YUSUFF, Plaintiff, v. DISTRICT OF COLUMBIA, Defendant.

Civil Action No. 25-cv-000309 (Honorable Judge Sullivan) 2.10.25

**PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA (2024-CAB-005229)**

Federal courts routinely remand cases where **state or local interests predominate** to avoid unnecessary federal intervention. See **Gonzalez v. Thaler, 565 U.S. 134 (2012)** (affirming that state courts are better positioned to adjudicate state-law claims).

---

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court **GRANT this Motion to Remand** and return this case to the **Superior Court of the District of Columbia.**

## III. Procedural Defects in Removal

### A. Timeliness under 28 U.S.C. § 1446(b)

- Defendant asserts that **removal is timely** because the Amended Complaint was filed on January 18, 2025. However, **Plaintiff was never properly served**, and Defendant is attempting to manipulate procedural timing in its favor.
- Courts have ruled that **failure to effectuate proper service can render removal improper.** (See **Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)**—holding that a defendant must be properly served before the removal period begins).

### B. Failure to Obtain Consent from All Defendants

- **If other defendants existed in prior pleadings, their consent is required for removal.** (See **Chicago, R.I. & P. Ry. v. Martin, 178 U.S. 245 (1900)**).
- The notice states that the **District is the only remaining defendant**, but it is unclear whether all prior defendants have properly exited the case. This could render removal procedurally defective.

## IV. Defendant's Inconsistent Document Handling Undermines Its Position

- Defendant has **previously refused to produce internal communications** citing confidentiality and irrelevance, yet now seeks unfettered access to Plaintiff's private medical records.
- Defendant's **bad faith is evident in its inconsistent treatment of required documents**—it later approved Plaintiff's request **without the very document it initially**

- **claimed was necessary**, proving that Plaintiff has provided sufficient documentation all along.
- Under **EEOC v. Ford Motor Co., 782 F.3d 753 (6th Cir. 2015)**, an employer cannot demand private medical records when it has contributed to the condition at issue.

## V. Plaintiff's Privacy Rights Under HIPAA and ADA

- Defendant's request for **broad medical records violates HIPAA and ADA protections**.
- Under **HIPAA (42 U.S.C. § 1320d-6)**, an employer **cannot demand expansive medical records** unless it demonstrates a clear, limited, and necessary purpose.
- The **ADA (42 U.S.C. § 12112(d)(4))** prevents an employer from requiring medical examinations or disclosures **unless the information is job-related and consistent with business necessity**. Here, Defendant's request is a **fishing expedition**, not a legitimate inquiry.

## VI. Defendant's Pretextual Justifications and Retaliatory Pattern

- Defendant's **reliance on Wade v. Dep't of Behavioral Health (2018)** is misplaced.
  - **DISB's own actions prevented Plaintiff from submitting documentation on time**, making any argument regarding delay moot.
  - Defendant **retroactively approved Plaintiff's Paid Family Medical Leave (PFML) while simultaneously harassing her with redundant demands**, exposing its bad faith.
- **Pattern of Retaliation**
  - Courts have **sanctioned D.C. agencies for retaliatory behavior** in cases such as:
    - **Doe v. ABRA (2020)** (retaliation against whistleblowers).
    - **Thomas v. D.C. (2018)** (agency misconduct leading to wrongful termination).
  - Defendant's actions **mirror this pattern** and further removal would exacerbate the chilling effect on other employees asserting their legal rights.

## VII. Relief Requested

Based on the above, Plaintiff respectfully requests that the Court:

1. **Remand this case back to the D.C. Superior Court** because:

PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA (2024-CAB-005229)

- Plaintiff's claims under the D.C. Human Rights Act and D.C. Whistleblower Protection Act are **predominantly state-law issues**.
- Removal is improper under **28 U.S.C. § 1441(a) and 28 U.S.C. § 1367(a)**.
- Defendant's procedural handling of documents and removal is **defective**.

2. **Deny Defendant's attempt to broaden discovery** into Plaintiff's private medical records because:
   - Defendant has acted inconsistently, demonstrating bad faith.
   - Plaintiff's medical privacy is protected under **HIPAA and the ADA**.
   - There are **alternative third-party verification methods** that make Defendant's request unnecessary.
3. **Sanction Defendant under Federal Rule of Civil Procedure 11** for abusing the removal process in an attempt to delay litigation and intimidate Plaintiff.

---

## VIII. Conclusion

The **District's attempt at removal is legally, procedurally, and factually flawed**. Plaintiff has the right to litigate in D.C. Superior Court, where her claims are best adjudicated. The Court **must reject this improper removal** and ensure that the District is held accountable for its abusive litigation tactics.

Dated: February 10, 2025
Respectfully submitted,
Zainab Yusuff-Plaintiff, Pro Se

Washington, DC 20019
zdyusuff@gmail.com