UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZAINAB YUSUFF

   *Plaintiff*,

 v.

DISTRICT OF COLUMBIA,

   *Defendant*.

Civil Action No. 25-cv-000309 (EGS)

# DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT

## INTRODUCTION

Defendant District of Columbia (the District) respectfully submits this opposition to Plaintiff *pro se* Zainab Yusuff's Motion to Remand to the Superior Court of the District of Columbia. *See* Pl.'s Mot. to Remand, ECF No. 12. Plaintiff's motion fails for several reasons. *First*, the District's removal of this action was proper because this Court has original jurisdiction over Plaintiff's federal law claims, and the Court has supplemental jurisdiction over her accompanying D.C. statutory claims that arise from a common nucleus of operative facts. *Second*, the District's removal was required procedurally correct. *Third*, Plaintiff's other contentions about the District's alleged conduct in this case are baseless and do not support remand. *Lastly*, Plaintiff's request for sanctions against the District under Fed. R. Civ. P. 11 is unwarranted because the District's removal of this action was clearly supported by law and fact, and Plaintiff failed to provide the required notice to the District under Rule 11 before moving in this Court. For all these reasons, explained in further detail below, the Court should deny Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff filed her original complaint in the Superior Court on August 16, 2024, against the District and several *non sui juris* District agencies. *See* Compl., ECF No. 12 at 2–5. The defendants filed a motion to dismiss the Complaint, arguing that the agency defendants should be dismissed because they are *non sui juris*, Plaintiff failed to comply with the pleading standards of Super. Ct. Civ. R. 8(a), and any purported wrongful termination claim was barred by the Comprehensive Merit Personnel Act. *Id*. at 570–81. On December 31, 2024, the Superior Court (Neal Kravitz, J.) granted the District's motion in part. The court dismissed the agency defendants from the action with prejudice and dismissed Plaintiff's wrongful termination claim with prejudice. *Id.* at 641–42. However, the court ordered Plaintiff to file an amended complaint that "shall clearly state the anti-discrimination laws the plaintiff alleges the defendant violated and the essential facts on which each claimed violation of law is based." *Id*. at 642.

On January 18, 2025, Plaintiff filed the Amended Complaint in the Superior Court. *See id*. at 661–64. In her amended complaint, Plaintiff identified causes of action for the first time, alleging retaliation and discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Counts I and II), violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. (Count III), violations of the D.C Human Rights Act (DCHRA), D.C. Code §§ 2–1401 *et seq*. (Count IV), and violations of the D.C. Whistleblower Protection Act (DCWPA), D.C. Code §§ 1-615.51 *et seq*. (Count V). *Id*. at 663–64. On February 3, 2025, the District timely removed this action to this Court within 30 days of the District's receipt of Plaintiff's January 18, 2025 pleading asserting federal causes of action for the first time in this case. *See* Def.'s Not. of Removal, ECF No. 1. Plaintiff served the District with her motion to remand on February 10, 2025, arguing that "this case is primarily based on violations of D.C.

laws" and that the D.C. Superior Court is the proper forum. Pl.'s Mot. to Remand at 2, ECF No. 12.

## LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant "may properly remove a civil action from a state court when the federal district court has original subject matter jurisdiction." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (quoting *District of Columbia v. Grp. Hospitalization & Med. Servs., Inc.*, 576 F. Supp. 2d 51, 53 (D.D.C. 2008)). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Once a case is removed, the defendant "bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008); *see also Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005). In general, "[c]ourts must strictly construe removal statutes," *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (internal citations omitted), but where "the plaintiff has chosen to plead what. . . must be regarded as a federal claim, [then] removal is at the defendant's option," *Caterpillar Inc.*, 482 U.S. at 399.

## ARGUMENT

**I.** **This Court Has Subject Matter Jurisdiction Over Plaintiff's Claims Arising Under Federal Laws and Supplemental Jurisdiction Over Her Claims Brought Under District of Columbia Statutes.**

    **A.** **This Court Has Subject Matter Jurisdiction Over Plaintiff's Federal Claims.**

This Court has subject matter jurisdiction over Plaintiff's ADA and FMLA claims, and thus removal was proper. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A civil action

filed in Superior Court of which the federal district court has original jurisdiction, such as an action founded on a claim arising under a federal statute is removable." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 39 (D.D.C. 2011) (citing 28 U.S.C. § 1441(a), (b))). "The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. Under the well pleaded complaint rule, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, (1908)). The fact that Plaintiff brings state law claims is "inconsequential to the inquiry of whether federal question jurisdiction exists." *Shanks v. Int'l Union of Brick Layers & Allied Craftworkers*, No. 23-CV-311 (CKK), 2023 WL 4581435, at *3 (D.D.C. July 18, 2023).

Here, this Court has original jurisdiction because Plaintiff brings three claims under federal laws: retaliation under the ADA (Count I), discrimination under the ADA (Count II), and violations of the FMLA (Count III). Am. Compl., ECF 1-2 at 663–64. As Plaintiff correctly states, she is "the master of her complaint and has the right to litigate in the forum of her choice unless removal is explicitly authorized by statute." Pl.'s Mot. to Remand at 1. In this case, the District *is explicitly authorized by statute* to remove this case to this Court under 28 U.S.C. §§ 1331 and 1441(a). Indeed, Plaintiff concedes in the Amended Complaint that federal question jurisdiction exists here. *See* Am. Compl., ECF No. 1-2 at 661 ¶ 5 (alleging that the Superior Court "has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction)"). Therefore, Plaintiff's action was properly removed to this Court based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

## B. This Court Has Supplemental Jurisdiction Over Plaintiff's Related Claims Brought Under D.C. Statutes.

Under 28 U.S.C. § 1367, when "a federal court has an independent basis for exercising federal jurisdiction," it may exercise "supplemental jurisdiction over related claims under state law." *Women Prisoners of D.C. Dep't of Corrs. v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996). To determine whether a court may exercise supplemental jurisdiction, it must determine "whether the state and the federal claims 'derive from a common nucleus of operative fact.'" *Id*. (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Shanks*, 2023 WL 4581435, at *3.

Here, Plaintiff does not dispute that her federal and D.C. law claims arise out of "a common nucleus of operative fact[s]." *Id.* In fact, Plaintiff incorporates by reference all the same factual allegations for each of her five counts in the Amended Complaint. *See* Am. Compl., ECF No. 1-2 at 661–64. Plaintiff instead attempts to escape this Court's jurisdiction by contending that her state law claims predominate over her federal claims, even though the majority of her claims arise under federal law. *See* Pl.'s Mot. to Remand at 1–2; Am. Compl., ECF No. 1-2 at 661–64. But Plaintiff's D.C. law claims do not predominate here. Indeed, three of Plaintiff's five causes of actions are brought under federal law. *See* Am. Compl., ECF No. 1-2 at 661–64. Therefore, remand would be improper. *See Busby*, 759 F. Supp. 2d at 84 ("[I]t does not appear that the plaintiff's federal claims form such an insignificant part of the case that remand of the entire case would be appropriate.").

In sum, this Court has original jurisdiction over Plaintiff's federal claims, and the exercise of supplemental jurisdiction over her D.C. law claims is proper because they arise out of the same nucleus of facts. Accordingly, Plaintiff's motion to remand should be denied.

## II. The District's Removal of This Action Was Procedurally Sound.

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal must "be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(a). Where there are multiple defendants, "removal to a federal court additionally requires a timely demonstration of consent from *all* served defendants within thirty days of service of the complaint." *Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012).

Here, Plaintiff argues that the District's removal was improper because it "removed this case only after Plaintiff amended her complaint to clarify federal claims, despite having had full knowledge of the claims from the outset." Pl.'s Mot. to Remand at 3. She contends that this reflects "deliberate maneuvering" to place burdens on her. *Id.* Plaintiff misunderstands the timing requirements for removal. The District could not remove this case until federal claims were clearly asserted. *See* 28 U.S.C. §§ 1331 and 1441(a). In the District's motion to dismiss Plaintiff's original complaint, it argued that it could not discern whether Plaintiff was bringing federal claims or only state law claims from the face of the complaint. Def.'s Mot. to Dismiss Compl., ECF No. 1-2 at 575–76. The Superior Court agreed, ordering Plaintiff to file an amended complaint clearly stating her causes of action and the facts that support them. Order on Mot. to Dismiss (Sup. Ct., Dec. 31, 2024), ECF No. 1-2 at 641–42. Under 28 U.S.C. § 1446(b)(3), the District deadline to remove was 30 days after it received the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

or has become removable." Here, the first time that Plaintiff clearly alleged federal claims was in the Amended Complaint, filed on January 18, 2025. And the District timely removed this case within 30 days of the filing of the Amended Complaint, which is the earliest date when the District could discern a basis for removal.

Plaintiff also wrongly alleges that there are "procedural defects" in the District's removal: (1) Plaintiff says she was "never properly served" and contends that the District "is attempting to manipulate procedural timing in its favor"; and (2) Plaintiff claims that the District failed to obtain consent from all defendants because "it is unclear whether all prior defendants have properly exited the case." Pl.'s Mot. to Remand at 4. To start, Plaintiff does not make clear what document the District purportedly "never properly served" on her. *See id.* To the extent that Plaintiff is alleging that she was not served with either the District's Notice of Removal and its attached exhibits filed in this Court or the District's notice of removal and accompanying exhibit filed in the Superior Court, such contention is incorrect. The District served all required documents on Plaintiff via email and certified mail on February 3, 2025. *See* Not. of Removal, ECF No. 1 at 4 (certifying that Plaintiff was mailed and emailed the Notice of Removal and accompanying attachments on February 3, 2025); Ex. A, Def.'s Not. of Removal (Sup. Ct., Feb. 3, 2025) (certifying that Plaintiff was mailed and emailed the Superior Court Notice of Removal and accompanying exhibit on February 3, 2025). Plaintiff also clearly received the Notice of Removal from the District because she soon after filed her motion for remand on February 10, 2025.

Furthermore, Plaintiff's assertion that there may be remaining defendants in this case is incorrect. The District is the last remaining defendant in this case because all the agency defendants were dismissed by the Superior Court's December 31, 2024 Order. ECF No. 1-2 at

7

641. Accordingly, there is no defendant whose consent to removal was required before the District removed this action.

III. **Plaintiff's Conclusory Allegations Regarding Matters Outside the Pleadings Are Baseless.**

Plaintiff alleges in conclusory fashion that the District has engaged in a slew of bad conduct, including: (1) seeking access to "Plaintiff's private medical records," (2) engaging in "bad faith" because of the District's alleged "inconsistent treatment of required documents," and (3) violating her rights under the Health Insurance Portability and Accountability Act (HIPPAA) by demanding medical records. Pl.'s Mot. to Remand at 4–5. Plaintiff further alleges that the District has engaged in retaliatory behavior by using "[p]retextual [j]ustifications." *Id*. at 5. Plaintiff's allegations are baseless. To the contrary, the District has not engaged in or made any requests for discovery from Plaintiff in this case—indeed, this case has not moved beyond the pleadings stage. Plaintiff's unfounded allegations do not advance her cause.

IV. **Plaintiff's Request for Sanctions Is Unwarranted.**

Finally, Plaintiff's request for sanctions against the District is unwarranted. Plaintiff requests that the Court sanction the District under Rule 11 for supposedly "abusing the removal process in an attempt to delay litigation and intimidate Plaintiff." Pl.'s Mot. to Remand at 6. But Rule 11 sanctions are not available where, among other possibilities, "the claims, defenses, and other legal contentions are warranted by existing law . . . ." Fed. R. Civ. P. 11(b)(2). Here, it is clear that the District properly removed this action under 28 U.S.C. § 1331. Moreover, under the safe harbor provision in Rule 11, Plaintiff is required to provide the District with notice and "a reasonable opportunity" to respond before requesting that the Court impose sanctions. Fed. R. Civ. P. 11(c)(1). Here, Plaintiff has given the District no such notice. Therefore, Plaintiff's request for sanctions is unjustified and should be denied accordingly.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion for Remand.

Dated: February 24, 2025	Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Katherine Brumund*
KATHERINE BRUMUND [90017779]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 258-9210
Katherine.brumund@dc.gov

*Counsel for Defendant District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I served the foregoing Defendant's Opposition to Plaintiff's Motion to Remand to the Superior Court of the District of Columbia and the proposed order attached thereto via certified mail and email upon:

Zainab Yusuff
4600 Nannie Helen Burroughs Ave NE
Washington, DC 20019
zdyusuff@gmail.com
*Plaintiff pro se*

                                        */s/ Katherine Brumund*
                                        KATHERINE BRUMUND
                                        Assistant Attorney General

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ZAINAB YUSUFF

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA

    *Defendant*.

Civil Action No. 25-cv-000309 (EGS)

# ORDER

Upon consideration of Plaintiff's Motion to Remand to the Superior Court of the District of Columbia, Defendant District of Columbia's Opposition, any reply, and the entire record, it is this \_\_\_\_ day of _____ 2025, hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

**SO ORDERED**.

                                                EMMET G. SULLIVAN
                                              United States District Judge

Copies to:

Zainab Yusuff
4600 Nannie Helen Burroughs Avenue NE
Washington, DC 20019
*Plaintiff pro se*

Katherine Brumund, Esq.
*Counsel for Defendant*