**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ZAINAB YUSUFF, |
| *Plaintiff*, |
| v. |
| DISTRICT OF COLUMBIA, |
| *Defendant*. |

Civil Action No. 25-cv-309 (EGS)

## <u>DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE AMENDED COMPLAINT</u>

Defendant District of Columbia respectfully submits this motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6).  A memorandum of points and authorities and a proposed order are attached.

Dated: March 12, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Katherine Brumund*
KATHERINE BRUMUND [90017779]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 258-9210
Katherine.brumund@dc.gov

*Counsel for Defendant District of Columbia*

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE AMENDED COMPLAINT** 1

**INTRODUCTION** ................................................................................................................... 1

**FACTS** .................................................................................................................................. 2

**STANDARD OF REVIEW** ....................................................................................................... 4

**ARGUMENT** .......................................................................................................................... 5

   **I.**   **Plaintiff Failed to Exhaust Administrative Remedies on Her ADA Claims.** ................ 5

   **II.**   **Plaintiff Fails to State a Claim for Relief.** ................................................................ 7

     **a.**   **Count I: Retaliation under the ADA** ..................................................................... 7

     **b.**   **Count II: Discrimination under the ADA** .............................................................. 8

     **c.**   **Count III: Violations of the FMLA** ...................................................................... 11

     **d.**   **Count IV: Violations of the DCHRA** ................................................................... 12

     **e.**   **Count V: Violations of the DCWPA** .................................................................... 15

   **CONCLUSION** ................................................................................................................ 17

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......................................................... 9, 23

*Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) ................................ 15

*Baird v. Gotbaum*, 662 F.3d 1246, 1250 (D.C. Cir. 2011) .......................................... 15

*Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) .............................. 15, 20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) .................................................. 9

*Boyd v. District of Columbia*, No. 22-3741 (RC), 2024 WL 324109, at *8 (D.D.C. Jan. 29, 2024) .......................................................................................................................... 19

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) ............................................ 9

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) .......................... 18

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) .......................... 12

*Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ............ 10

*Childs-Pierce v. Utility Workers Union of Am.*, 383 F. Supp. 2d 60, 79 (D.D.C. 2005)............. 21

*Crawford v. District of Columbia*, 981 A.2d 216, 221 (D.C. 2006) ............................ 23

*Davis v. District of Columbia*, 503 F. Supp. 2d 104, 127 (D.D.C. 2007)..................... 22

*Dougherty v. Cable News Network*, 396 F. Supp. 3d 84, 112 (D.D.C. 2019) ............... 17

*Duncan v. Washington Metro Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001).... 13, 19

*Elzeneiny v. D.C.*, 195 F. Supp. 3d 207, 217 (D.D.C. 2016) ....................................... 16

*Epps v. Potomac Elec. Power Co.*, 389 F. Supp. 3d 53, 63 (D.D.C. 2019)........................... 13, 18

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ................................................................. 9

*Giles v. Transit Emples. Fed. Credit Union*, 794 F.3d 1, 5 (D.C. Cir. 2015) ....................... 13, 19

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) .................................................... 19

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) .............................................. 15

*Hawkins v. Boone*, 786 F. Supp. 2d 328, 333 (D.D.C. 2011).......................................... 21

*Hill v. Xtreme Sols., Inc.*, No. 23-2685 (RC), 2024 WL 4103701 at *4 (D.D.C. Sep. 6, 2024)... 17

*Jackson v. District of Columbia*, 826 F. Supp. 2d 109, 126 (D.D.C. 2011) ................. 14

*Johnson v. District of Columbia*, 935 A.2d 1113, 1119 (D.C. 2007) .......................... 23

*Johnson v. Joseph J. Magnolia, Inc.*, No. 21-cv-772 (BAH), 2021 WL 5331708, at *5 (D.D.C. Nov. 16, 2021).............................................................................................................. 14

*Jones v. District of Columbia,* 314 F. Supp. 3d 36, 54 (D.D.C. 2018)......................... 19

*Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 186 (D.D.C. 2019)......... 10

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ........................ 9

*Kruger v. Cogent Commc'ns, Inc.*, 174 F. Supp. 3d 75, 82 (D.D.C. 2016)................... 10

*Lee v. District of Columbia*, 733 F. Supp. 2d 156, 160 (D.D.C. 2010) ....................... 12

*McFadden v. Ballard Spahr Andrews & Ingersoll, LLP*, 611 F.3d 1, 4 (D.C. Cir 2010)....... 14, 18

*Menoken v. Dhillon*, 975 F.3d 1, 6, (D.C. 2020) ........................................................ 20

*Na'im v. Clinton*, 626 F.Supp.2d 63, 73 (D.D.C. 2009)       16

*Nunnally v. District of Columbia*, 243 F. Supp. 3d 55, 67 (D.D.C. 2017) ................... 18

*Nurriddin v. Bolden*, 818 F.3d 751, 756-57 (D.C. Cir. 2016)....................................... 13

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)........................... 15

*Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)........................................... 10

*Patrick v. District of Columbia*, 126 F. Supp. 3d 132, 135–36 (D.D.C. 2015) ............. 9

*Prewitt v. McDonough*, 633 F. Supp. 3d 195, 209 (D.D.C. 2022) ................................ 9

*Ragsdale v. Wolverine Worldwide, Inc.*, 535 U.S. 81, 89 (2002)................................ 16

*Robinson v. District of Columbia*, No. 23-cv-03823 (APM), 2024 WL 4722157, at *6 (D.D.C. Nov. 8, 2024)................................................................................................................. 12

*Siddique v. Macy's*, 923 F. Supp. 97, 107 (D.D.C. 2013) ...................................... 18, 19

*Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) ............................ 11

*Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 539 (D.C. Cir. 2024)............... 12

*Squires v. Gallaudet Univ.*, No. 20-1348 (ABJ), 2021 WL 4399554, at *7 (D.D.C. Sep. 27, 2021) .................................................................................................................... 15

*Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2002) .......................................... 15

*Thomas v. District of Columbia*, No. 22-1269 (TJK), 2023 WL 2610512, at *6 (D.D.C. Mar. 23, 2023)............................................................................................................ 14

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)............................... 18

*Walker v. Children's Nat'l Med. Ctr.*, 236 F. Supp. 3d 136, 143-44 (D.D.C. 2017) .................. 11

*Wilburn v. District of Columbia*, 957 A.2d 921, 924 (D.C. 2008) ............................... 21

**Statutes**

§§ 2000e-5 ............................................................................................................ 10

29 U.S.C. § 2601 *et seq.*......................................................................................... 6

29 U.S.C. § 2611(2)(A ............................................................................................ 17

29 U.S.C. § 2612(a)(1)(D) ....................................................................................... 16

29 U.S.C. §§ 2612(a)(1).......................................................................................... 16

42 U.S.C. § 12101 *et seq*......................................................................................... 6

42 U.S.C. § 12111(8) .............................................................................................. 13

42 U.S.C. § 12117(a) .............................................................................................. 10

5 U.S.C. § 2302 ..................................................................................................... 21

D.C. Code  1-615.52(a)(6) ...................................................................................... 21

D.C. Code § 1-615.53 ............................................................................................. 21

D.C. Code § 1-615.54(a)(2) ..................................................................................... 22

D.C. Code §§ 2–1401 *et seq* ................................................................................... 6

Fed. R. Civ. P. 12(b)(6)........................................................................................ 6, 9

## <u>INDEX OF EXHIBITS</u>

**i.  Exhibit 1: Plaintiff's EEOC Charge of Discrimination**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZAINAB YUSUFF,

       *Plaintiff*,

  v.

DISTRICT OF COLUMBIA,

       *Defendant*.

Civil Action No. 25-cv-309 (EGS)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE AMENDED COMPLAINT

### INTRODUCTION

Defendant District of Columbia (the District) respectfully moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff *pro se* Zainab Yusuff brings five counts against the District: (1) retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. (Count I); (2) discrimination under the ADA (Count II); (3) violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. (Count III); (4) violations of the D.C Human Rights Act (DCHRA), D.C. Code §§ 2–1401 *et seq*. (Count IV); and (5) violations of the D.C. Whistleblower Protection Act (DCWPA), D.C. Code §§ 1-615.51 *et seq*. (Count V). Plaintiff's claims should be dismissed. *First*, Plaintiff has failed to exhaust her administrative remedies under the ADA. *Second*, Plaintiff fails to state a plausible claim for relief on any of her five counts because she does not include sufficient facts to plausibly allege that any of her rights have been violated.

**FACTS**

Plaintiff's claims arise from her employment at the District of Columbia Department of Insurance, Securities and Banking (DISB) and the District of Columbia Alcoholic Beverage and Cannabis Administration (ABCA). Plaintiff states that her "claims arise from her employment with [ABCA] from February 18, 2020, to February 24, 2023, and subsequently with DISB from February 27, [2023][1] until . . . March 27, 2024." *Id*. ¶ 2. Plaintiff alleges that both agencies "engaged in retaliatory discussions regarding her prior complaints and claims against [ABCA]," which "negatively influenced Plaintiff's treatment at DISB and contributed to ongoing retaliatory actions." *Id*. ¶ 9. Specifically, Plaintiff alleges that DISB attempted to delay her start date by one month after she was deemed uncommunicative. *Id*. ¶ 10. Plaintiff maintains that she was communicative and "authorized all necessary actions to facilitate the transfer." *Id*.

Plaintiff further alleges that during her tenure at both ABCA and DISB, she was subjected to "pervasive retaliation and harassment for asserting her rights under the ADA, FMLA, and DCHRA and for reporting workplace misconduct and discrimination." *Id*. ¶ 11. Plaintiff alleges that her complaints filed with the D.C. Office of Human Rights (OHR) were "rerouted to the very individuals named in them," which caused her additional harm. *Id*. ¶ 12. Plaintiff claims that her mental health deteriorated as a result of the allegedly hostile work environment and that her "requests for reasonable accommodations under the ADA, including flexible work hours and remote work accommodations, were ignored or denied." *Id*. ¶¶ 13–14.

Plaintiff alleges that she was retaliated against in various ways: reassigning her seating "based on false claims of misconduct, despite documented proof (emails) that Plaintiff requested

---

[1]     The Amended Complaint erroneously states that Plaintiff began her employment at DISB on February 27, 2024. Her employment there began in February 2023. *Compare* Am. Compl. ¶ 2 *with* Ex. 1.

the move to escape harassment"; "[i]ssuing defamatory statements about Plaintiff's behavior and performance," which supposedly "tarnish[ed] her professional reputation"; delaying issuing "critical documents," including her W-2 forms, allegedly "causing financial hardship and delayed tax filings"; requiring her to "submit a financial disclosure statement post-termination"; and withholding Plaintiff's pay "on several occasions." *Id.* ¶ 15. Plaintiff further alleges that sometime in the "third quarter of 2023, [DISB Director] Katrice Purdie approached Plaintiff at a work function despite [Plaintiff] having active complaints filed against [Purdie]" which caused Plaintiff to have a panic attack. *Id.* ¶ 16. Plaintiff's employment at DISB was terminated in March 2024. Ex. 1, Pl.'s EEOC Charge.

Plaintiff filed a charge of discrimination with the EEOC on August 14, 2024. *See id.* In her charge, Plaintiff alleges that she began working at DISB as a Fraud Investigator on February 26, 2023, and that from "the onset, [she] sought an accommodation of telework for four days due to [her] disabilities." *Id.* Plaintiff further states that she "was accommodated provided that [she] come in on Fridays." *Id.* Plaintiff was then allegedly required to recertify her need for an accommodation "every two months." *Id.* She alleges that this made "utilizing [her] accommodation more difficult." *Id.* Plaintiff further alleges that in October 2023, she "requested FMLA leave . . . for [her] disabilities" while she was in intensive care and that her FMLA leave was "approved for up until approximately December 18, 2023." *Id.* When Plaintiff sought an extension of her FMLA leave, however, she alleges that it was denied. *Id.* On December 20, 2023, Plaintiff was issued a notice of proposed termination and was subsequently terminated in March 2024. *Id.* The EEOC issued a right-to-sue letter on August 14, 2024. *Id.* at 5.

## STANDARD OF REVIEW

Motions to dismiss brought under Rule 12(b)(6) test the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d. 235, 242 (D.C. Cir. 2002). For a complaint to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While a court must generally consider a plaintiff's factual allegations as true, it is not obligated to draw inferences in favor of the plaintiff "if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Thus, while a *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it must still "comply with the Federal Rules of Civil Procedure," *Prewitt v. McDonough*, 633 F. Supp. 3d 195, 209 (D.D.C. 2022).

Courts may also consider documents that are incorporated by reference into the complaint or documents upon which the plaintiff's complaint necessarily relies. *See Patrick v. District of Columbia*, 126 F. Supp. 3d 132, 135–36 (D.D.C. 2015). This is true even if the documents are produced by the defendant rather than the plaintiff. *Id.* Here, the Court may consider Plaintiff's EEOC Charge and Notice of Right to Sue without converting this motion to a motion for summary judgement because Plaintiff directly references these complaints in her Amended Complaint and they are therefore incorporated by reference. *See Peters v. District of Columbia,*

873 F. Supp. 2d 158, 179 n.20 (D.D.C. 2012) ("[D]ocuments that are referenced in, or an integral part of, the complaint are deemed not 'outside the pleadings.' . . . In this case, the EEOC charges . . . are referenced in the Complaint and therefore may be considered, along with the EEOC right-to-sue letters, without converting this motion into one for summary judgment."); *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 120 n.2 (D.D.C. 2011); Am. Compl. ¶¶ 3, 12 (referencing Plaintiff's discrimination charges).

## ARGUMENT

**I.      Plaintiff Failed to Exhaust Administrative Remedies on Her ADA Claims.**

Plaintiff's ADA claims should be dismissed for failure to exhaust administrative remedies.  To bring claims under the ADA, a plaintiff must have filed a charge with the EEOC within 300 days of the alleged unlawful employment practice.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A party . . . must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it."); 42 U.S.C. § 12117(a).  Once the EEOC issues a right-to-sue letter, the plaintiff must then bring suit within 90 days.  *Id.* § 2000e-5(f)(1); *see also Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) ("Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself.").  Any lawsuit that is filed is issued is "limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'"  *Park*, 71 F.3d at 907 (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citations and internal quotation marks omitted)).  "Specifically, a plaintiff's claims 'must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  *Kruger v. Cogent Commc'ns, Inc.*, 174 F. Supp. 3d 75, 82 (D.D.C. 2016) (quoting *Park*, 71 F.3d at 907).

Thus, a plaintiff must file an EEOC charge for each discrete act of discrimination or retaliation before filing suit. *Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 186 (D.D.C. 2019).

Here, none of the discrete acts of discrimination and retaliation that Plaintiff now alleges in the Amended Complaint were included in her EEOC Charge. Plaintiff alleges in her amended complaint that she faced a slew of retaliatory actions: a seat reassignment; defamatory statements about her behavior and performance; delayed receipt of her W-2 form; a requirement to submit a financial disclosure statement; and the withholding of her pay on several occasions. Am. Compl. ¶ 15. But none of these allegations are in the EEOC charge. *See* Ex. 1, EEOC Charge. Furthermore, Plaintiff now alleges a discriminatory hostile work environment in violation of the ADA, *see* Am. Compl. ¶ 22, but she did not allege a hostile work environment in her EEOC charge, *see* Ex. 1, EEOC Charge. Because Plaintiff is required to file a separate EEOC charge for *each discrete act* of discrimination and retaliation she alleges in her lawsuit and is restricted to the allegations that are reasonably related to the allegations in the EEOC charge, she has not exhausted her ADA claims for retaliation, discrimination, or hostile work environment. Accordingly, the Court should dismiss Counts I and II of the Amended Complaint. *See Mogenhan v. Shinseki*, 630 F. Supp. 2d 56, 60 (D.D.C. 2009) ("A plaintiff fails to exhaust administrative remedies when the complaint she files in federal court includes a claim that was not raised in the administrative complaint.").[2]

---

[2] Also, "[i]mportantly, the adverse action must have occurred within the 300-day window preceding the filing of an EEOC charge for the federal claims [to be timely]." *Robinson v. District of Columbia*, No. 23-CV-3823 (APM), 2024 WL 4722157, at *6 (D.D.C. Nov. 8, 2024); *see also Lee v. District of Columbia*, 733 F. Supp. 2d 156, 160 (D.D.C. 2010). Plaintiff's ADA claims are restricted to those that were timely brought in her EEOC charge within the 300-day window preceding August 14, 2024. *See* Ex. 1, EEOC Charge; *Lee*, 733 F. Supp. at 160. Thus, only Plaintiff's allegations of adverse employment action no earlier than October 19, 2023, is

II.     **Plaintiff Fails to State a Claim for Relief.**

A.     **Count I: Retaliation Under the ADA**

To plead a *prima facie* case for retaliation,[3] a plaintiff must show "(1) she made a charge or opposed a practice made unlawful by the ADA, (2) the employer took a materially adverse action against her, and (3) 'there existed a causal link between the adverse action and the protected activity.'" *Walker v. Children's Nat'l Med. Ctr.*, 236 F. Supp. 3d 136, 143–44 (D.D.C. 2017) (quoting *Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005)); *see also Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 539 (D.C. Cir. 2024). A materially adverse action is an action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (internal quotation marks omitted).

Plaintiff fails to plausibly allege retaliation under the ADA. Plaintiff claims that she "assert[ed] her rights under the ADA" and "report[ed] workplace misconduct and discrimination" and that she filed complaints with OHR and ODR. Am. Compl. ¶¶ 11–12. But Plaintiff does not specify what she alleged in these complaints, and thus she offers no facts suggesting that "she made a charge or opposed a practice made unlawful by the ADA" prior to the District taking any materially adverse action against her. *Walker*, 236 F. Supp. 3d at 143–44. Thus, she has not plausibly alleged that she engaged in protected activity. Next, Plaintiff has not shown a causal link between her OHR and ODR complaints and any materially adverse action.

_____

actionable under the ADA. But Plaintiff's amended complaint for the most part does not specify when the alleged adverse actions occurred, and thus the District cannot determine at this time if all of Plaintiff's allegations of adverse employment action are timely.

[3]     "Although an employment discrimination plaintiff need not plead each element of a *prima facie* case to survive a motion to dismiss, he must nevertheless plead sufficient facts to show a plausible entitlement to relief." *Kruger v. Cogent Commc'ns, Inc.*, 174 F. Supp. 3d 75, 82 (D.D.C. 2016) (citation and internal quotation marks omitted).

She does not include the dates when she brought her complaints and when each incident of materially adverse action occurred, and thus she has not shown any temporal proximity between protected activity (even if she had engaged in any) and any materially adverse action. Courts "do not 'accept inferences that are unsupported by the facts set out in the complaint.'" *Spence*, 109 F.4th at 540 (quoting *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007)). What is more, "[w]hen 'mere temporal proximity' is the only 'evidence of causality,' . . . 'the temporal proximity must be very close.'" *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). Plaintiff's allegations do not show causation, and thus her claim fails.

Moreover, other than the District's alleged withholding of her pay on some occasions and her March 2024 termination, Plaintiff does not allege any materially adverse actions. To be materially adverse action to satisfy a retaliation claim, "the act must . . . have 'produce[d] an injury or harm.'" *Spence*, 109 F.4th at 539 (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006)). Here, Plaintiff alleges no facts showing that the alleged seat reassignment, defamatory statements, delay in receiving her W-2 forms, delayed start date, and encounter with Purdie produced any injury or harm. *See* Am. Compl. ¶¶ 9, 15–16, 20.

## B.    Count II: Discrimination Under the ADA

For her ADA discrimination claim, Plaintiff alleges that the District discriminated against her by "failing to provide reasonable accommodations and creating a hostile work environment." Am. Compl. ¶ 22. Plaintiff's claim fails on both fronts.

To state a claim for failure to accommodate under the ADA, a plaintiff must show "(1) that he or she has a disability under the ADA; (2) that the employer had notice of the disability; (3) that the plaintiff could perform the essential functions of the position either with reasonable

accommodation or without it; and (4) that the employer refused to make the accommodation."

*Hill v. Assocs. for Renewal in Educ., Inc.*, 897 F.3d 232, 237 (D.C. Cir. 2018) (citing *Solomon v.*
*Vilsack*, 763 F.3d 1, 9 (D.C. Cir. 2014)).

To start, Plaintiff cannot show that her employer refused to provide an accommodation.
Although she now alleges in her Amended Complaint that "her requests for reasonable
accommodations under the ADA, including flexible work hours and remote work
accommodations, were ignored or denied," Am. Compl. ¶ 14, Plaintiff admitted in her EEOC
charge filed in August 2024 that DISB granted her an accommodation of telework four days per
week, Ex. 1, EEOC Charge. Thus, her failure-to-accommodate claim fails. *See Murphy v.*
*District of Columbia*, 590 F. Supp. 3d 175, 183 (D.D.C. 2022) (The "underlying assumption of
any reasonable accommodation claim is that the plaintiff-employee has requested an
accommodation which the defendant-employer has denied." (quoting *Flemings v. Howard Univ.*,
198 F.3d 857, 861 (D.C. Cir. 1999)) (internal quotation marks omitted))).

Additionally, Plaintiff has not alleged facts showing that she had a disability under the
ADA and that she could perform the essential functions of her job with or without
accommodation. "A person is disabled within the meaning of the ADA if the person: (1) 'has a
physical or mental impairment that substantially limits one or more major life activities,' (2) has
'a record of such an impairment,' or (3) 'is regarded as having such an impairment.'" *Epps v.*
*Potomac Elec. Power Co*., 389 F. Supp. 3d 53, 63 (D.D.C. 2019) (quoting *Nurriddin v. Bolden*,
818 F.3d 751, 756-57 (D.C. Cir. 2016)). Plaintiff does not allege what her disability is in her
complaint and thus fails at this first hurdle. *See* Am. Compl. A qualified individual under the
ADA is someone with a disability "who, with or without reasonable accommodation, can
perform the essential functions of the employment position that such individual holds or desires."

42 U.S.C. § 12111(8). Nowhere in the Amended Complaint does Plaintiff allege facts about her ability to perform the essential functions of her job with or without an accommodation or what the essential functions of her job entailed. *See* Am. Compl. Therefore, her claim should be dismissed. *See Thomas v. District of Columbia*, No. 22-CV-1269 (TJK), 2023 WL 2610512, at *6 (D.D.C. Mar. 23, 2023) (dismissing plaintiff's failure-to-accommodate claim where the "complaint contain[ed] no allegations about the essential functions of his . . . position, let alone that he could perform those functions with or without a reasonable accommodation.").

Next, Plaintiff does not allege any facts showing that she was subjected to a hostile work environment based on disability.[4] To plead a discriminatory hostile work environment claim, "a plaintiff must first show that he or she was subjected to 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abuse working environment.'" *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) (quoting *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 21 (1993)). Moreover, "[i]t is not enough for plaintiff to merely state that she was discriminated against on the basis of . . . disability—she must allege that the conduct constituted discrimination on the basis of the protected trait." *Squires v. Gallaudet Univ*., No. 20-CV-1348 (ABJ), 2021 WL 4399554, at *7 (D.D.C. Sep. 27, 2021) (citing *Oncale v. Sundowner Offshore Servs., Inc*., 523

---

[4]    "The D.C. Circuit has not yet addressed the question of whether a hostile work environment claim is available under the ADA." *Ham v. Ayers*, No. 15-CV-1390 (RMC), 2019 WL 1202453, at *3 (D.D.C. Mar. 14, 2019). Assuming such a claim is actionable, "[t]o establish a prima facie hostile work environment claim based on disability, a plaintiff must allege facts demonstrating that: (1) she is disabled or is perceived as disabled; (2) she was subjected to unwelcome harassment; (3) the harassment occurred because of her disability or the perception that she was disabled; (4) the harassment affected a term, condition, or privilege of employment; and (5) there is a basis for holding the employer liable for the creation of the hostile work environment." *Smith v. Reynolds & Associates, Inc.*, No. 23-cv-1582 (RC), 2024 WL 2273589, at *5 (D.D.C. Mar. 3, 2024) (citation and quotation marks omitted).

U.S. 75, 81 (1998)). Here, Plaintiff's allegations, such as that "DISB attempted to delay Plaintiff's start date by one month" due to Plaintiff's unresponsiveness and Purdie "approach[ing] Plaintiff at a work function despite [Plaintiff] having active complaints filed against [Purdie]" do not amount to an actionable hostile work environment. Am. Compl. ¶¶ 10, 16. The D.C. Circuit has been clear that "garden variety workplace tension" does not rise to the level of a hostile work environment, and that is all Plaintiff alleges here. *Baird v. Gotbaum*, 662 F.3d 1246, 1250 (D.C. Cir. 2011). Furthermore, Plaintiff makes no allegations linking the allegedly hostile interactions to her protected status, and thus she cannot state a claim for hostile work environment. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (dismissing a hostile work environment claim where allegedly hostile actions were not based on plaintiff's membership in a protected class); *Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2002) (holding that discriminatory harassment is actionable only if it is on the basis of a protected class); *Na'im v. Clinton*, 626 F. Supp. 2d 63, 73 (D.D.C. 2009) (requiring hostile work environment claims to have "some linkage between the hostile behavior and plaintiff's membership in a protected class."). Thus, Plaintiff's hostile work environment claim should be dismissed.

### C.     Count III: Violations of the FMLA

FMLA leave is intended to provide leave to covered employees who are suffering from "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). It is therefore prohibited for employers to "interfere with, retrain, or deny the exercise" of an employee's FMLA rights, *id*. § 2615(a)(1), or to "discriminate against any individual for opposing any practice made unlawful" under the FMLA, *id*. at § 2615(a)(2). To state a claim for FMLA interference, plaintiff must show: "(1) he

was entitled to take leave because he had a 'serious health condition,' (2) he gave his employer adequate notice of his intention to take leave, and (3) his employer denied or otherwise interfered with his right to take leave." *Elzeneiny v. District of Columbia*, 195 F. Supp. 3d 207, 217 (D.D.C. 2016) (quoting *Hodges v. District of Columbia*, 959 F. Supp. 2d 148, 155 (D.D.C. 2013)); *see also McFadden v. Ballard Spahr Andrews & Ingersoll, LLP*, 611 F.3d 1, 7 (D.C. Cir 2010) (discussing the elements of FMLA interference claim); *Ragsdale v. Wolverine Worldwide, Inc.*, 535 U.S. 81, 89 (2002) (same). An employee is eligible for "a total of 12 workweeks of leave during any 12-month period" if the employee "has been employed (i) for at least 12 months by the employer . . . and (ii) for at least 1,250 hours of service with such employer." 29 U.S.C. §§ 2612(a)(1) & 2611(2)(A).

Here, Plaintiff does not plead facts necessary to establish either an FMLA interference claim or a FMLA retaliation claim. Plaintiff alleges only that she "faced pervasive retaliation and harassment for asserting her rights under the . . . FMLA" and that the District "interfered with Plaintiff's rights under the FMLA by denying her necessary leave and retaliating against her for asserting these rights." Am. Compl. ¶¶ 11, 24. Plaintiff makes no allegations in the Amended Complaint about when she sought FMLA leave, what her serious health condition was, or whether she gave her employer adequate notice of her intention to take leave. *See* Am. Compl. Plaintiff's bald, unelaborated allegations are insufficient to state a plausible claim of interference or retaliation under the FMLA. Accordingly, the Court should dismiss Count III of the Amended Complaint.

### D.   Count IV: Violations of the DCHRA

Plaintiff alleges that the District "discriminated and retaliated against Plaintiff in violation of the DCHRA, including creating a hostile work environment and failing to address

her grievances." Am. Compl. ¶ 26. Plaintiff's DCHRA retaliation and discrimination claims fail

for the same reason as her ADA claims discussed above. *See Epps*, 389 F. Supp. 3d at 62

(stating that the same elements apply to both ADA and DCHRA discrimination claims);

*McFadden*, 611 F.3d at 6 (noting that ADA and DCHRA retaliation claims use the same

analytical framework).

To allege a hostile work environment under the DCHRA, Plaintiff must show that "(1)

that [s]he is a member of a protected class, (2) that [s]he has been subjected to unwelcome

harassment, (3) that the harassment was based on membership in a protected class, and (4) that

the harassment is severe and pervasive enough to affect a term, condition, or privilege of

employment." *Jones v. District of Columbia,* 314 F. Supp. 3d 36, 54 (D.D.C. 2018); *see Sonmez

v. WP Co. LLC*, No. 22-CV-0274, 2025 WL 338058, at *24 (D.C. Ct. of Appeals, Jan. 30,

2025).[5] In other words, to succeed on her hostile work environment claims, Plaintiff must allege

facts showing that her "workplace [was] permeated with discriminatory intimidation, ridicule,

and insult" and that this conduct was "sufficiently severe or pervasive to alter the conditions of

[her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc*., 510

U.S. 17, 21 (1993) (citation and internal quotation marks omitted); *see also Román v. Castro*,

149 F. Supp. 3d 157, 166 (D.D.C. 2016). Plaintiff must show that the allegedly hostile acts are

"adequately linked such that they form a coherent hostile environment claim, and of such

severity or pervasiveness as to alter the conditions of . . . employment and create an abusive

working environment." *Menoken v. Dhillon*, 975 F.3d 1, 6, (D.C. 2020) (cleaned up)).

---

[5]     The DCHRA was amended in 2022 to include a new subsection regarding harassment. *See* D.C. Code § 2-1402.11(c-2) (2022).

Plaintiff's hostile work environment claim fails because she has not alleged that she is a member of a protected class, that she suffered harassment as a result of her membership in that class, or that the alleged harassment was severe or pervasive enough to create an abusive working environment. Plaintiff does not identify that she was a member of a protected class in her Amended Complaint. *See* Am. Compl. As discussed above, Plaintiff does not allege facts showing she has protected status as a person with a disability. She makes conclusory allegations that she was subjected to a hostile work environment for "asserting her rights" under several statutes. Am. Compl. ¶ 11. But, again, she does not discuss her complaints with the necessary specificity to demonstrate that she engaged in protected activity under the DCHRA. Nor does Plaintiff allege any facts that plausibly suggest she was subjected to hostility because of her membership in a protected class. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (holding in part that because the alleged hostile behaviors and comments were not directed to plaintiff because of their membership in a protected class, plaintiff could not sustain a hostile work environment claim).

Lastly, Plaintiff does not allege an actionable hostile work environment; rather the alleged acts constitute nothing more than "the ordinary tribulations of the workplace." *Burrell v. Shepard*, 321 F. Supp. 3d 1, 12 (D.D.C. 2018). "[C]ourts have generally rejected hostile work environment claims that are based on work-related actions by supervisors." *Brooks v. Grundmann*, 851 F. Supp. 2d 1, 7 (D.D.C. 2012) (citation and quotation marks omitted); *see also Bell v. Gonzales*, 398 F. Supp. 2d 78, 92 (D.D.C. 2005) ("Occasional instances of less favorable treatment involving ordinary daily workplace decisions are not sufficient to establish a hostile work environment."). Plaintiff alleges nothing more here. Moreover, Plaintiff's allegations of workplace hostility, even if the Court were to find that they are the result of discriminatory

conduct, are not enough to show pervasive, workplace abuse as required to successfully state a hostile work environment claim. *See Childs-Pierce v. Utility Workers Union of Am.*, 383 F. Supp. 2d 60, 79 (D.D.C. 2005) ("[M]ere reference to alleged disparate acts of discrimination against [a] plaintiff cannot be transformed, without more, into a hostile work environment."), *aff'd* 187 Fed. App'x 1 (D.C. Cir. 2006). "[A]s a general matter, courts in this Circuit frown on plaintiffs who attempt to bootstrap their alleged discrete acts of [discrimination] into a broader hostile work environment claim" and are "reluctant to transform mere reference to alleged disparate acts of discrimination against plaintiff into a hostile work environment claim." *Dudley v. Wash. Metro. Area Trans. Auth.*, 924 F. Supp. 2d 141, 164 (D.D.C. 2013); *accord Sonmez*, 2025 WL 338058, at *25 ("[A]lthough allegations of discrete acts of discrimination or retaliation may support a claim of actionable adverse employment actions in themselves, such allegations ordinarily do not support a hostile work environment claim unless they also are connected to a pervasive pattern of severe harassment.") (cleaned up). Plaintiff offers nothing more here, and thus Count IV should be dismissed.

### E.    Count V: Violations of the DCWPA

Finally, Plaintiff's DCWPA claim should be dismissed. To establish a *prima facie* DCWPA claim, Plaintiff must show "(1) [she made] a protected disclosure, as defined in § 1-615.52(a)(6); (2) [she experienced] a prohibited personnel action, as defined by § 1-615.52(a)(5); and (3) that the protected disclosure was a 'contributing factor' or causally connected to the prohibited personnel action, as defined in § 1-615.52(a)(2)." *Hawkins v. Boone*, 786 F. Supp. 2d 328, 333 (D.D.C. 2011) (citing D.C. Code § 1-615.53); *see also Wilburn v. District of Columbia*, 957 A.2d 921, 924 (D.C. 2008). "'Protected disclosure' means any disclosure of information, not specifically prohibited by statute, … to any person by an employee or applicant, including a

disclosure made in the ordinary course of an employee's duties by an employee to a supervisor or a public body that the employee reasonably evidences" wrongdoing cognizable the Code. D.C. Code 1-615.52(a)(6). Wrongdoing may include, among other possibilities, "gross mismanagement," "[a]buse of authority in connection with the administration of a public program or execution of a public contract," or "[a] violation of a federal, state, or local law, rule, or regulation, . . . ." *Id.* "Further, [t]he basis for determining the nature of . . . charges that a putative whistleblower has made are the statements . . . in [her] complaint to a supervisor or to a public body" not Plaintiff's "subsequent characterization of those statements in litigation." *Wilburn*, 957 A.2d at 924. Lastly, claims under the DCWPA must be brought "within 3 years after a violation occurs or within one year after the employee first becomes aware of the violation, whichever occurs first." D.C. Code § 1-615.54(a)(2).

Here, Plaintiff includes virtually no facts in support of her purported DCWPA claim. Plaintiff baldly alleges that the District "engaged in retaliatory actions against Plaintiff for reporting misconduct and discrimination, violating applicable whistleblower protection laws." Am. Compl. ¶ 28. But, again, Plaintiff offers no details about the contents of her OHR and ODR complaints and thus has not provided any facts establishing that she made a protected disclosure under the DCWPA. Furthermore, Plaintiff does not advance any factual allegations showing "a direct causal link" between the alleged retaliatory actions and her OHR and ODR complaints. *See* Am. Compl.; *Crawford v. District of Columbia*, 981 A.2d 216, 221 (D.C. 2006). Plaintiff's bald allegations are precisely the kind of "[t]hreadbare recitals of the elements of a cause of action," supported by "mere conclusory statements" that do not meet the low bar to state a claim for relief. *Iqbal*, 556 U.S. at 678. Thus, because Plaintiff fails to show causation, an "all-

important" element of her DCWPA claim, her claim should be dismissed for failure to state a claim. *Johnson v. District of Columbia*, 935 A.2d 1113, 1119 (D.C. 2007).[6]

## CONCLUSION

For these reasons, the Court should grant the District's motion and dismiss the Amended Complaint with prejudice.

Dated: March 12, 2025    Respectfully submitted,

           BRIAN L. SCHWALB
           Attorney General for the District of Columbia

           CHAD COPELAND
           Deputy Attorney General
           Civil Litigation Division

           */s/ Christina Okereke*
           CHRISTINA OKEREKE [219272]
           Chief, Civil Litigation Division Section II

           */s/ Katherine Brumund*
           KATHERINE BRUMUND [90017779]
           Assistant Attorney General
           400 Sixth Street, NW
           Washington, D.C. 20001
           (202) 258-9210
           Katherine.brumund@dc.gov

           *Counsel for Defendant District of Columbia*

## CERTIFICATE OF SERVICE

---

[6]  Additionally, Plaintiff's claims should be dismissed to the extent that they predate August 16, 2023. *See* D.C. Code § 1-615.54(a)(2); *see also Davis v. District of Columbia*, 503 F. Supp. 2d 104, 127 (D.D.C. 2007) (applying the one-year statute of limitations to Plaintiff's claims from the date that Plaintiff alleges several instances of retaliatory conduct occurred). Plaintiff, however, does not include any references to dates when alleged actions took place, making it impossible for the District to discern whether her claims fall within the applicable statute of limitations.

I hereby certify that on March 12, 2025, I served the foregoing Defendant District of Columbia's Motion to Dismiss the Amended Complaint, and the memorandum of points and authorities, exhibit, and proposed order attached thereto via email and caused the same to be served via certified mail upon:

Zainab Yusuff
zdyusuff@gmail.com
4600 Nannie Helen Burroughs Avenue, N.E.
Washington, DC 20019
*Plaintiff pro se*

*/s/ Katherine Brumund*
Katherine Brumund
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ZAINAB YUSUFF,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>*Defendant*. |

Civil Action No. 25-cv-309 (EGS)

**ORDER**

Upon consideration of Defendant's Motion to Dismiss the Amended Complaint, any opposition and reply thereto, and the entire record, it is this _____ day of _____ 2025, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; it is further

**ORDERED** that the Amended Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

_____
EMMET G. SULLIVAN
United States District Judge