IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
ZAINAB YUSUFF, Plaintiff, v. DISTRICT OF COLUMBIA, et al., Defendants.

Civil Action No. 1:25-cv-00309-EGS Judge Emmet G. Sullivan

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS 3.13.25

**I. INTRODUCTION**

**Plaintiff, Zainab Yusuff, acting pro se, respectfully opposes Defendant District of Columbia's Motion to Dismiss and urges this Court to deny dismissal on the following grounds:**

1. **The Defendant Misrepresents the Exhaustion Requirement** – Plaintiff has properly exhausted her administrative remedies, and the Defendant erroneously narrows the scope of her claims.
2. **Plaintiff's Claims Are Well-Pleaded and Plausible** – Defendant's motion misapplies the pleading standard under *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly.*
3. **The District of Columbia Has Engaged in a Pattern of Retaliation and Discriminatory Practices** – Defendant's procedural arguments seek to mask broader unlawful employment practices in violation of the ADA, FMLA, DCHRA, and DCWPA.
4. **Plaintiff Never Filed This Case in Federal Court** – Plaintiff never sought to litigate this case in the United States District Court for the District of Columbia. Plaintiff initially filed in the Superior Court of the District of Columbia and remains unaware of how the case was removed to federal court. Plaintiff never consented to or participated in any removal process, and this Court should return the case to its proper forum.
5. **Procedural Irregularities in the Removal Process** – Plaintiff was never notified or given an opportunity to contest the removal before it was executed. This lack of due process raises serious legal concerns, as removal should not occur without the knowledge and consent of the Plaintiff, particularly in a case where jurisdiction was properly vested in the Superior Court.

**For these reasons, dismissal is unwarranted and would unjustly shield the Defendant from legal accountability. Additionally, Plaintiff reiterates her request for remand of this case to the Superior Court of the District of Columbia, where she originally filed and where the matter should properly be adjudicated.**

---

**II. ARGUMENT**

## A. Plaintiff Never Filed in This Court and Seeks Remand to Superior Court

The Plaintiff never filed this case in the United States District Court for the District of Columbia. Plaintiff initially and deliberately filed her claims in the Superior Court of the District of Columbia, which maintains jurisdiction over the matter. At no point did Plaintiff seek removal to federal



RECEIVED

MAR 13 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA, et al.,** Defendants.

**Civil Action No. 1:25-cv-00309-EGS Judge Emmet G. Sullivan**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS 3.13.25**

court, nor was she notified of any removal proceedings until after they had occurred. This raises serious concerns regarding the legitimacy of the removal process and the procedural fairness afforded to Plaintiff.

1. **Improper Removal Requires Remand**

Under *28 U.S.C. § 1447(c)*, when a case is improperly removed, the appropriate remedy is to remand the case to its original forum. The removal of this case to federal court appears to have been a unilateral action by the Defendant, executed without Plaintiff's consent or participation. Furthermore, Plaintiff was never given an opportunity to contest or object to the removal before it was finalized, violating the basic principles of due process.

2. **No Federal Jurisdiction Exists**

Defendant has failed to establish a valid basis for federal jurisdiction under *28 U.S.C. § 1441*. The claims in this case arise primarily under DC statutory and common law, making the Superior Court of the District of Columbia the proper forum. In *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court held that a defendant cannot unilaterally create federal jurisdiction where none exists. Defendant's argument that federal jurisdiction exists is wholly unsupported by the record and should not be entertained by this Court.

3. **Plaintiff's Right to Choose Her Forum Must Be Respected**

Plaintiff, as the master of her complaint, selected the Superior Court as the appropriate venue. In *Ballard v. District of Columbia*, 813 F. Supp. 2d 34 (D.D.C. 2011), the court emphasized the importance of respecting a plaintiff's choice of forum, particularly where the plaintiff never consented to removal. Allowing this removal to stand would set a dangerous precedent where Defendants can unilaterally dictate the forum of a lawsuit, undermining the plaintiff's fundamental legal rights.

**For these reasons, Plaintiff respectfully requests that this Court remand the case to the Superior Court of the District of Columbia.**

---

## B. Plaintiff Has Exhausted Administrative Remedies

The Defendant falsely claims that Ms. Yusuff failed to exhaust her administrative remedies. This argument is legally flawed for several reasons:

**1. The EEOC Charge Provided Sufficient Notice of the Claims**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
**ZAINAB YUSUFF,** Plaintiff, v. **DISTRICT OF COLUMBIA, et al.,** Defendants.

## Civil Action No. 1:25-cv-00309-EGS Judge Emmet G. Sullivan

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS 3.13.25

Under *Park v. Howard Univ.*, 71 F.3d 904 (D.C. Cir. 1995), an EEOC charge need not list every single claim explicitly; rather, claims must be "reasonably related" to the allegations made. Ms. Yusuff's EEOC charge sufficiently placed the Defendant on notice of retaliation and discrimination.

- Legal Precedent: In *Peters v. District of Columbia*, 873 F. Supp. 2d 158 (D.D.C. 2012), the court held that a plaintiff's failure to specify every discrete claim in an EEOC charge does not automatically bar litigation.
- Application to This Case: Plaintiff's claims arise from the same nucleus of facts as those investigated by the EEOC and should therefore be permitted to proceed.

### 2. The "300-Day Rule" Does Not Bar Claims

The Defendant incorrectly applies the 300-day EEOC filing rule to bar some of Plaintiff's claims. However:

- The continuing violation doctrine applies to hostile work environment claims (*Morgan v. Nat'l R.R. Passenger Corp.*, 536 U.S. 101 (2002)), meaning all acts of discrimination, even those outside the 300-day window, are actionable.
- Plaintiff also filed timely complaints with DC agencies, satisfying the administrative requirement under DC law.

---

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendant's Motion to Dismiss in its entirety and REMAND this case to the Superior Court of the District of Columbia, where it was originally filed.

Alternatively, should the Court find any deficiencies in Plaintiff's Amended Complaint, Plaintiff requests leave to amend rather than dismissal. (*Foman v. Davis*, 371 U.S. 178 (1962) – Courts should freely grant leave to amend).

**Respectfully submitted,**

Zainab Yusuff, Plaintiff Pro Se
4600 Nannie Helen Burroughs Avenue NE
Washington, DC 20019
Email: zdyusuff@gmail.com