# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAINAB YUSUFF, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> *Defendant*. | Civil Action No. 25-cv-309 (EGS) |

## DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

### INTRODUCTION

Defendant District of Columbia (the District) respectfully submits this reply to Plaintiff's opposition to the District's motion to dismiss the Amended Complaint. Plaintiff's arguments in opposition to dismissal do not advance her cause. *First*, Plaintiff fails to address most of the District's arguments for dismissal and therefore concedes them. *Second*, Plaintiff's arguments that she has exhausted administrative remedies on her ADA claims fail because she does not show that her new allegations in the Amended Complaint are reasonably related to the facts alleged in her EEOC charge. *Third*, Plaintiff's argument that the continuing violation doctrine applies to her hostile work environment claims is unavailing. *Lastly*, Plaintiff's arguments related to her motion for remand are inappropriately raised in opposition to dismissal and should not be considered here. Accordingly, the Court should grant the District's motion and dismiss the Amended Complaint with prejudice.

# ARGUMENT

I. **Plaintiff Does Not Address and Thus Concedes the District's Arguments That She Fails to State a Claim.**

Plaintiff fails to address, and therefore concedes, the District's arguments that the Amended Complaint fails to state a claim on any of its five counts. In opposition, Plaintiff simply states that the District's "motion misapplies the pleading standard" but makes no attempt to explain how she has successfully pled any of her five counts. Pls.' Opp'n at 1, ECF No. 16. "The law is . . . well-settled . . . that when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Lockhart v. Coastal Int'l Sec.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012) (citations and quotations omitted); *see also Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Accordingly, the Court should treat the District's arguments as conceded and dismiss the Amended Complaint with prejudice.

II. **Plaintiff Has Not Exhausted Her Administrative Remedies on Her ADA Claims Because She Cannot Show That Her Allegations in the Amended Complaint Are Reasonably Related to the Allegations in Her EEOC Charge.**

In response to the District's arguments that the allegations in her EEOC Charge are not reasonably related to the allegations in the Amended Complaint, Plaintiff baldly contends that she has exhausted her administrative remedies because "Plaintiff's claims arise from the same nucleus of facts as those investigated by the EEOC . . . ." Pls.s Opp'n at 3. However, Plaintiff states in her EEOC charge that she believes she "was discriminated against on the basis of [her] disability . . . and retaliated against for engaging in protected activity . . . ." Def.'s Mot. to

Dismiss Ex. 1, ECF No. 15-1 at 2.  Clearly, then, Plaintiff's EEOC charge only includes allegations related to Plaintiff's request for reasonable accommodation and her request for FMLA leave, not the retaliation and discriminatory hostile work environment claims that Plaintiff now alleges in the Amended Complaint.  *See id.*

Here, there is nothing in Plaintiff's EEOC charge that reflects any of the retaliatory actions alleged in the Amended Complaint regarding her seat reassignment, defamatory statements about her behavior and performance, delayed receipt of her W-2 form, a requirement to submit a financial disclosure statement, or the withholding of her pay on several occasions.  *Compare* Def.'s Mot. to Dismiss Ex. 1 (EEOC Charge) *with* Am. Compl. ¶ 15.  Further, there is absolutely no mention of a hostile work environment in her EEOC charge.  *See* Def.'s Mot. to Dismiss Ex. 1.  Plaintiff cannot overcome these stark discrepancies by stating in conclusory fashion that her new claims in this lawsuit pertain to the "same nucleus of facts" alleged in her charge to skirt her obligation to file an EEOC charge for each discrete act of retaliation and discrimination before filing suit.  As a result, her ADA claims should be dismissed.  *See Hicklin v. McDonald*, 110 F. Supp. 3d 16, 21-22 (D.D.C. 2015) (holding that plaintiff failed to exhaust administrative remedies on his retaliation claim because "he has not pled any facts that could show how the claim would 'reasonably follow from an administrative investigation' related to his EEOC charge") (citation omitted); *Ponce v. Billington*, 652 F. Supp. 2d 71, 74 (D.D.C. 2009) (collecting cases holding that retaliation claims are not "like or reasonably related to" administrative allegations of discrimination); *Park v. Howard Univ.*, 71 F. 3d. 904, 908 (D.C. Cir. 1995) (holding that because plaintiff's EEOC charge "not only lacks the words 'hostile work environment,' but also lacks any factual allegations supporting such a claim" and only makes

3

"bald statements" regarding alleged discrimination, plaintiff failed to exhaust administrative remedies on her discriminatory hostile work environment claim).

III. **Plaintiff Cannot Apply the Continuing Violation Doctrine to Her Hostile Work Environment Claims.**

*First*, Plaintiff cannot rescue her ADA hostile work environment claim under the continuing violation doctrine because that does not relieve her from the requirement to exhaust administrative remedies. Plaintiff argues that her hostile work environment claim is not time-barred under the "continuing violation doctrine" and that, because she "filed timely complaints with DC agencies," she has complied with "administrative requirement[s] under DC law." Pl.'s Opp'n at 3. But the continuing violation doctrine, even if it applies here, does not obviate Plaintiff's requirement to exhaust her administrative remedies under the ADA before filing suit. And here, Plaintiff's EEOC charge contains no allegations of a hostile work environment. *See* Def.'s Mot. to Dismiss Ex. 1. Thus, Plaintiff's ADA hostile work environment claim should be dismissed. *See Mogenhan v. Shinseki*, 630 F. Supp. 2d 56, 60 (D.D.C. 2009) ("A plaintiff fails to exhaust administrative remedies when the complaint she files in federal court includes a claim that was not raised in the administrative complaint.").

*Second*, the continuing violation doctrine does not save Plaintiff's DCHRA hostile work environment claim, either. The continuing violation doctrine "should not be interpreted as an 'open sesame to recovery for time-barred violations' . . . . Instead, the plaintiff must show that the time-barred incidents are 'adequately linked to a coherent hostile environment claim.'" *Craig v. District of Columbia*, 881 F. Supp. 2d 26, 32 (D.D.C. 2012) (quoting *Baird v. Gotbaum*, 662 F.3d 1246, 1251 (D.C. Cir. 2011). Moreover, the Supreme Court in *National Railroad Passenger Corp. v. Morgan*, was clear that the continuing violation doctrine has two limiting principles: (1) "the doctrine has no applicability to discrete acts such as termination, failure to

4

promote, denial or transfer, or refusal to hire because each incident of discrimination and each retaliatory adverse employment action constitutes a separate actionable unlawful employment practice," *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (internal quotations omitted), and (2) plaintiffs relying on the doctrine for hostile work environment claims "must allege that at least one 'act contributing to the claim occur[red] within the filing period,'" *Mayers v. Laborers' Health & Safety Fund of North America*, 478 F. 3d 364, 368 (D.C. Cir. 2007) (quoting *Morgan*, 536 U.S. at 115).

In this case, Plaintiff does not pass the second hurdle because she does not allege a coherent hostile work environment claim. Before determining the timeliness of a hostile work environment claim, "the Court must first assess whether the claim includes actionable allegations and when they occurred." *Ware v. Hyatt Corp.*, No. 12-CV-0395, 2013 WL 12321372, at *11, *13 n.11 (D.D.C. Mar. 27, 2013) (declining to apply the continuing violations doctrine on a motion to dismiss where the plaintiff did not sufficiently allege a continuous hostile work environment). Here, Plaintiff does not allege sufficiently severe or pervasive hostile behavior that constitutes a continuous hostile work environment and instead alleges various discrete events that amount to no more than the ordinary tribulations of the workplace: the delay of her employment start date; Purdie "approach[ing] Plaintiff at a work function despite [Plaintiff] having active complaints filed against [Purdie]," Am. Compl. ¶ 16; Plaintiff's seat reassignment; defamatory statements about her behavior and performance; delayed receipt of her W-2 form; a requirement to submit a financial disclosure statement; and the withholding of her pay on several occasions. These events do not amount to an actionable hostile work environment—at most, they reflect "garden variety workplace tension," and Plaintiff makes no allegations showing that the alleged hostile interactions are linked to her protected status or that these interactions are

5

sufficiently linked together to be a cognizable hostile work environment claim. *See* Am. Compl.; *Baird v. Gotbaum*, 662 F.3d 1246, 1250 (D.C. Cir. 2011); *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008). Therefore, the continuing violation doctrine does not apply. And the doctrine does not apply to discrete acts of discrimination or retaliation that are otherwise untimely. *Morgan*, 536 U.S. at 114 ("[T]he doctrine has no applicability to discrete acts such as termination, failure to promote, denial or transfer, or refusal to hire because each incident of discrimination and each retaliatory adverse employment action constitutes a separate actionable unlawful employment practice."). The Amended Complaint largely does not specify when the alleged adverse actions occurred. *See* Am. Compl.

Lastly, even if the continuing violation doctrine applied here, Plaintiff's hostile work environment claims under the ADA and the DCHRA still fail because Plaintiff does not plausibly allege a hostile work environment claim, for the reasons shown in the District's opening brief. *See* Def.'s Mot. to Dismiss at 18 – 20. Plaintiff failed to address these arguments and thus concedes them. *See* Section I, *supra*; Pl.'s Opp'n. Accordingly, Plaintiff's ADA and DCHRA hostile work environment claims should be dismissed.

IV.     **Plaintiff's Allegations Related to Her Motion for Remand Are Inappropriate Here.**

Plaintiff devotes a significant part of her opposition to rehashing the arguments raised in her motion to remand. *Compare* Pl.'s Opp'n, ECF No. 15 *with* Pl.'s Mot. for Remand, ECF No. 12. These arguments are entirely irrelevant to whether she has plausibly alleged a claim for relief. "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the allegations within the complaint." *Gaines v. District of Columbia*, 961 F. Supp. 2d 218, 221 (D.D.C. 2013) (citing *In re Interbank Fund Corp. Sec. Litig.*, 668 F. Supp. 2d 44, 47-48 (D.D.C. 2009)). Plaintiff's inapposite arguments in support of remand thus do not advance her cause, and

it is inappropriate for Plaintiff to re-raise her arguments here. The question of whether this case should be remanded to the D.C. Superior Court is already fully briefed and ripe for the Court's decision. Accordingly, her arguments regarding remand are inappropriate for the Court to consider here.

## CONCLUSION

For these reasons, and for the reasons set forth in the District's opening brief, the Court should grant the District's motion and dismiss the Amended Complaint with prejudice.

Dated: March 20, 2025						Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Katherine Brumund*
KATHERINE BRUMUND [90017779]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 258-9210
Katherine.brumund@dc.gov

*Counsel for Defendant District of Columbia*

# CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2025, I served the foregoing Defendant District of Columbia's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint via email and caused the same to be served via certified mail upon:

Zainab Yusuff
zdyusuff@gmail.com
4600 Nannie Helen Burroughs Avenue, N.E.
Washington, DC 20019
*Plaintiff pro se*

                                              */s/ Katherine Brumund*
                                              Katherine Brumund
                                              Assistant Attorney General