**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ZAINAB YUSUFF,
*Pro Se*
          Plaintiff,

v.                                                    Civ. Action No. 25-00309(EGS)

DISTRICT OF COLUMBIA,

          Defendant.

---

**MEMORANDUM OPINION**

Plaintiff Zainab Yusuff ("Ms. Yusuff") sued Defendant
District of Columbia ("the District") for unlawful employment
practices in the Superior Court for the District of Columbia
("D.C. Superior Court"), case number 2024-CAB-005229. On
February 3, 2025, the District removed Ms. Yusuff's case to this
Court. *See* Notice of Removal, ECF No. 1.[1] Now pending before the
Court are: (1) Ms. Yusuff's Motion to Remand to State Court
("Motion to Remand"), *see* Pl.'s Mot. to Remand to State Court
("Mot. to Remand"), ECF No. 12; and (2) the District's Motion to
Dismiss Ms. Yusuff's Amended Complaint ("Motion to Dismiss"),
*see* Def.'s Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 15. Upon
careful consideration of the motions, the oppositions thereto,
the replies, and the entire record, Ms. Yusuff's Motion to

---

[1] When citing electronic filings throughout this Opinion, the
Court cites to the ECF header page number, not the page number
of the filed document.

Remand is **DENIED** and the District's Motion to Dismiss is **GRANTED IN PART**, and Ms. Yusuff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.   Background

### A. D.C. Superior Court Litigation

As set forth in her Amended Complaint, Ms. Yusuff previously worked for various District agencies. *See* Def.'s Ex. 1 to Notice of Removal ("Def.'s Ex. 1"), ECF No. 1-2 at 661.[2] She claims that "her employment was marred by retaliatory actions, discriminatory practices, and psychological abuse." *Id.* On August 16, 2024, Ms. Yusuff filed a complaint, *pro se*, in the Civil Division of the D.C. Superior Court against the District and District agencies, specifically the Alcoholic Beverage and Cannabis Administration ("ABCA"); Board of Ethics and Government Accountability ("BEGA"); Department of Insurance, Securities, and Banking ("DISB"); Office of Employee Appeals ("OEA"); Department of Human Resources ("DCHR"); and Office of Human Rights ("OHR"). *See id.* at 2, 637.[3]

On November 12, 2024, the District filed a Motion to Dismiss in D.C. Superior Court. *See id.* at 570-80. It argued

---

[2] The District filed the documents from Ms. Yusuff's D.C. Superior Court case as Exhibit 1 to its Notice of Removal. *See* Def.'s Ex. 1, ECF No. 1-2.

[3] Ms. Yusuff dated her complaint on August 9, 2024, but the Clerk of the D.C. Superior Court stamped it as filed on August 16, 2024. *See* Def.'s Ex. 1, ECF No. 1-2 at 2-3.

that: (1) Ms. Yusuff's complaint did not allege facts sufficient to show a plausible claim for relief; (2) the District agencies were *non sui juris* and therefore could not be sued; and (3) Ms. Yusuff's wrongful termination claim, to the extent she alleges it, is barred by the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code § 1-601 *et seq*. *See id.* at 637.

On December 31, 2024, D.C. Superior Court granted the District's motion in part and denied it in part. *See id.* at 637–714. The Court held that "the complaint must be dismissed as to defendants ABCA, BEGA, DISB, DCHR, and OHR because they are *non sui juris* and cannot be sued in their own right, and that [Ms. Yusuff's] claim of wrongful termination is barred by the CMPA." *Id.* at 638. But it "den[ied] the motion without prejudice, however, to the extent [Ms. Yusuff] has attempted to allege discrimination claims based on District or federal law and direct[ed] [Ms. Yusuff] to file an amended complaint clearly alleging any such causes of action and the essential facts supporting them." *Id.*

On January 18, 2025, Ms. Yusuff filed her Amended Complaint in D.C. Superior Court. *See id.* at 661. She brought claims "for violations of anti-discrimination, anti-retaliation, and whistleblower protection laws under the Americans with Disabilities Act (ADA), Family and Medical Leave Act (FMLA), D.C. Human Rights Act (DCHRA), and applicable whistleblower

statutes." *Id.* She "allege[d] that Defendant systematically failed to fulfill its mandated duties, engaged in negligence, and allowed systemic abuse, retaliation, and harassment to persist, resulting in professional, emotional, and financial harm." *Id.* She alleges that she suffered these unlawful employment actions during "her employment with ABRA/ABCA from February 18, 2020, to February 24, 2023, and subsequently with DISB from February 27, 2024, until her wrongful termination on March 27, 2024." *Id.*[4] These include, according to Ms. Yusuff, "ABRA engag[ing] in retaliatory discussions with DISB prior to her onboarding, directly influencing the adverse actions she faced at DISB." *Id.*

**B. Removal and Motion to Dismiss**

On February 3, 2025, the District removed Ms. Yusuff's case to this Court. *See* Notice of Removal, ECF No. 1. Ms. Yusuff filed her Motion to Remand on February 12, 2025. *See* Mot. to Remand, ECF No. 12. The District filed its Opposition to Ms. Yusuff's Motion to Remand on February 24, 2025. *See* Def.'s Opp'n to Mot. to Remand ("Opp'n to Mot. to Remand"), ECF No. 13. On February 25, 2025, Ms. Yusuff filed her Reply. *See* Pl.'s Reply to Mot. to Remand ("Reply to Mot. to Remand"), ECF No. 14.

---

[4] The District notes that "the Amended Complaint erroneously states that Plaintiff began her employment at DISB on February 27, 2024. Her employment there began in February 2023." Mot. to Dismiss, ECF No. 15 at 7 n.1 (citations omitted).

On March 12, 2025, the District filed a Motion to Dismiss Ms. Yusuff's Amended Complaint. *See* Mot. to Dismiss, ECF No. 15. Ms. Yusuff filed her opposition to the District's Motion to Dismiss on March 13, 2025. *See* Pl.'s Opp'n to Mot. to Dismiss ("Opp'n to Mot. to Dismiss"), ECF No. 16. On March 20, 2025, the District filed its Reply. *See* Def.'s Reply to Mot. to Dismiss (Reply to Mot. to Dismiss"), ECF No. 18. Both motions are now ripe for this Court to resolve.

## II. Standard of Review

### A. Remand

The right to remove cases from state to federal court is derived from 28 U.S.C. § 1441. *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005). "The party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Id.* Further, "'the removal statute is to be strictly construed.'" *Id.* (quoting *Kopff v. World Research Grp., LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003)). Consequently, "the court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003). Defendants may only remove state-court actions that originally could have been filed in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Absent diversity of

citizenship, federal-question jurisdiction is required to establish that the case could have originally been filed in federal court. *Caterpillar*, 482 U.S. at 392.

## B. Jurisdiction

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[diversity of citizenship' jurisdiction." *Id.* (alterations in original). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). A court has supplemental jurisdiction over claims that would otherwise not be under its subject-matter jurisdiction if the other claims '"are so related"' to the federal claims '"that they form part of the same case or controversy."' *Searcy v. DeMaurice Fitzgerald Smith,* 111 F.4th 111, 117 (D.C. Cir. 2024) (quoting 28 U.S.C. § 1376(a)); *see also* 28 U.S.C. § 1367(a) ("Except as provided in [28 U.S.C. §§ 1367(b) and (c)], or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to the claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### C. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

When evaluating a 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [courts] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Furthermore, the court "must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Off.*

*of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotations omitted). The court must also give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Id.* at 677 (internal quotations omitted). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### III. Analysis

#### A. Remand

Ms. Yusuff raises several arguments in support of her Motion to Remand. *See* Mot. to Remand, ECF No. 12 at 2.[5] Some of these arguments are based on her mistaken understanding of whether a plaintiff must consent to removal or choose to litigate her case in federal court, which is not required under the law. *See* Reply to Mot. to Remand, ECF No. 14 at 3. Ms. Yusuff argues that the District's "removal was procedurally and substantively defective, and prejudicial to [her] ability to fairly litigate her claims." Mot. to Remand, ECF No. 12 at 2.

---

[5] Ms. Yusuff reiterates her arguments for remand in her Opposition to the District's Motion to Dismiss. *See* Opp'n to Mot. to Dismiss, ECF No. 16 at 2. The Court focuses its analysis here on those arguments properly raised in her Motion to Remand.

She further claims that "[the District's] removal is an improper attempt to delay and obstruct [her] access to justice, as this case is primarily based on violations of D.C. laws, including the D.C. Human Rights Act (DCHRA) and the D.C. Whistleblower Protection Act (DCWPA)." *Id.* She argues that "[t]hese claims do not require federal jurisdiction, making the [D.C.] Superior Court . . . the proper forum for adjudication." *Id.* None of these arguments is persuasive.

### 1. Subject-Matter Jurisdiction

Before the Court reviews the merits of Ms. Yusuff's arguments, it first addresses its jurisdiction. This Court has jurisdiction over Ms. Yusuff's claims that arise under federal law, specifically the ADA and the FMLA, which are Counts I, II, and III of the Amended Complaint. *See* 28 U.S.C. § 1331. It also has supplemental jurisdiction over her D.C. law claims brought under the DCHRA and the DCWPA, which are Counts IV and V of the Amended Complaint.[6] There is no dispute regarding federal jurisdiction over Ms. Yusuff's claims that arise under federal law, and it appears that Ms. Yusuff also does not dispute supplemental jurisdiction over her D.C.-law claims. *See* Mot. to Remand, ECF No. 12 at 2–3; Reply to Mot. to Remand, ECF No. 14 at 4 ("Even assuming that this Court might assert supplemental

---

[6] The word "State" in the relevant jurisdictional statutes "includes the District of Columbia . . . ." 28 U.S.C. § 1367(e).

jurisdiction over Ms. Yusuff's state law claims under 28 U.S.C. § 1367, such jurisdiction does not negate her right to litigate in the forum where the case was originally filed.").[7] Her argument instead focuses on why her case should be remanded notwithstanding federal jurisdiction. Primarily, she argues that the state-law aspects of her claims predominate over federal aspects. *See* Mot. to Remand, ECF No. 12 at 2–3. Before addressing whether state law predominates, the Court will briefly explain *why* it has supplemental jurisdiction over Ms. Yusuff's D.C.-law claims.

Supplemental jurisdiction is proper here because the claims that Ms. Yusuff raises under the DCHRA and DCWPA arise under the same "common nucleus of operative fact" as her federal claims under the ADA and FMLA. *See Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). This standard is met when

---

[7] Elsewhere in her Reply, Ms. Yusuff asserts that "[t]his case was originally and properly filed in the Superior Court of the District of Columbia—a court that has long been recognized as having exclusive jurisdiction over the subject matter." Reply to Mot. to Remand, ECF No. 14 at 2. But she cites to no authority supporting this proposition and ignores the many cases in which federal courts have exercised supplemental jurisdiction over employment-related cases originally brought in D.C. Superior Court. *See, e.g.*, *Lott v. Not-for-Profit Hospital Corp.*, 319 F. Supp. 3d 277 (D.D.C. 2018) (exercising jurisdiction over sufficiently pled DCHRA and DCWPA claims, as well as FMLA and D.C. FMLA claims); *Martin v. District of Columbia*, 78 F. Supp. 3d. 279 (D.D.C. 2015).

'"without regard to their federal or state character, a
plaintiff's claims are such that [s]he would ordinarily be
expected to try them all in one judicial proceeding . . . ."'
*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 371
(1978) (quoting *Gibbs*, 383 U.S. at 725).

Here, Ms. Yusuff's claims all arise from the same operative
facts, the District and its agencies' allegedly unlawful
employment actions against her. *See* Def. Ex. 1, ECF No. 1-2 at
661-64. Ms. Yusuff relies on the same factual support for both
her federal and state law claims. *See id.* In support of each of
her federal and state law claims, Ms. Yusuff incorporates all of
the facts from her Amended Complaint. *See id.* All Counts allege
that the District discriminated and/or retaliated against her.
*See id.* Therefore, these are the types of claims that would
ordinarily be expected to be tried in one judicial proceeding.
*See Kroger*, 437 U.S. at 371.

### 2. State Law Does Not Predominate

Even though Ms. Yusuff essentially concedes supplemental
jurisdiction, she argues that removal is improper because state
law predominates her claims. *See* Mot. to Remand, ECF No. 12 at
2-3. Specifically, she argues that the DCHRA and DCWPA "provide
broader protections than their federal counterparts" and that
other courts have held that "claims under these laws are best

adjudicated in D.C. Superior Court." *Id.*[8] Ms. Yusuff argues that "The [DCHRA] provides broader protections than the ADA and should be interpreted in D.C. courts where it was legislated and where judges are familiar with its application." *Id.* (citing *Estate of Wallace v. D.C.*, 32 A.3d 147 (D.C. 2011)).[9] She also contends that her "[DCWPA] claims require interpretation of local statutes, best suited for the Superior Court." *Id.*

Ms. Yusuff is correct that "the mere presence of federal claims does not mandate removal", *see* Mot. to Remand, ECF No. 12 at 1 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); "federal claims do not automatically grant federal question jurisdiction when they are intertwined with state-based rights and remedies", *id.* (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986)); and that "federal courts may decline supplemental jurisdiction when state-law issues predominate", *id.* (citing *Gibbs*, 383 U.S. at 715). But she fails to show how these cases and principles require remand here.

As the District points out, three of Ms. Yusuff's five claims arise under federal law. *See* Am. Compl., ECF No. 101-2 at 663-64. Count I and Count II of the Amended Complaint arise

---

[8] Ms. Yusuff cite to a case *Johnson v. D.C.*, 935 F. Supp. 2d 85 (D.D.C. 2013), but no such case appears in the Westlaw database.
[9] Nor does *Estate of Wallace* appear in the Westlaw database. Indeed, the citation listed, 32 A.3d 147, is included in a Maryland state case: *Carroll Indep. Fuel Co. v. Washington Real Est. Inv. Tr.*, 202 Md. App. 206, 32 A.3d 128 (2011).

under the ADA; Count III arises under the FMLA; and Counts IV
and V arise under the DCHRA and "Whistleblower Protection Laws",
respectively. *See id.* As such, it is simply incorrect for Ms.
Yusuff to argue that her "[DCHRA] and [DCWPA] claims (state law
claims) form the core of this case" or that "[a]ny reliance on
federal statutes is supplemental . . . ." Mot. to Remand, ECF
No. 12 at 1. Ms. Yusuff is correct that she is the "master of
her complaint", but here, she has chosen to allege three federal
causes of action out of the five total claims in her Amended
Complaint.

The cases on which Ms. Yusuff relies do not help her
argument; rather, they demonstrate why remand is not required.
In *Caterpillar*, the question before the Supreme Court was
"whether [the employees'] state-law complaint for breach of
individual employment contracts is completely pre-empted by §
301 of the Labor Management Relations Act, 1947 (LMRA) . . . 29
U.S.C. § 185, and therefore removable to Federal District
Court." 482 U.S. at 388. The plaintiffs/respondents had "filed
an action based solely on state law in California state court"
alleging Caterpillar breached their individual employment
agreements. *Id.* at 390. Caterpillar removed to federal court,
arguing that the individual employment contracts were "as a
matter of federal substantive labor law, merged into and
superseded by the . . . collective bargaining agreements [that

13

existed for certain, unionized positions]." *Id.* The Supreme Court rejected Caterpillar's arguments that the state claims were fully preempted by federal law, or that the individual contracts were subsumed into the collective bargaining agreement; holding that remand was appropriate because plaintiffs/respondents could have brought their claims under state law or federal law, and they chose to bring state law claims only. *See id.* at 394-96. Here, it is Ms. Yusuff who raises federal claims in her Amended Complaint; this is not a situation where the only federal questions that arise are as a result of the District's defenses.

In *Merrell Dow*, plaintiffs/respondents had filed complaints against Merrell Dow in state court alleging "common-law theories of negligence, breach of warranty, strict liability, fraud, and gross negligence" related to Merrell Dow's manufacturing and distribution of the drug Bendectin. *Merrell Dow*, 478 U.S. at 805. They also included a count of misbranding under the Federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.* Merrell Dow sought to remove to federal court by arguing that the FDCA claim arose under federal law. *See id.* at 806. But the Supreme Court held remand was appropriate because it determined that Congress did not provide a "private, federal cause of action for" violating the FDCA, and therefore, there was no federal-question jurisdiction. *Id.* at 817. Here, in contrast, no party disputes

that individuals may bring claims under the ADA and the FMLA in federal court.

As discussed, Ms. Yusuff chose to include three federal claims out of her five total causes of action in her Amended Complaint, all based on the same factual allegations. The federal causes of action that Ms. Yusuff pled are routinely litigated in federal court, and Ms. Yusuff has failed to show that the state law claims she also raised predominate over the federal claims so as to warrant remand. *See Busby v. Capital One, N.A.*, 759 F. Supp. 2d 81, 85 (D.D.C. 2011).

### 3. The District Has Not Evidenced Bad Faith

Ms. Yusuff also argues that the District acted out of bad faith when it removed her case "only after [she] amended her complaint to clarify federal claims, despite having had full knowledge of the claims from the outset." *Id.* at 3. She argues that "[t]his deliberate maneuvering serves no legitimate purpose other than to delay litigation and impose additional burdens on a pro se litigant." *Id.* (invoking cases in which courts have "condemned such tactics") (citing *Williams v. Int'l Paper Co.*, 556 F.3d 865 (8th Cir. 2009); *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). She urges that because she has "already suffered delays due to the [District's] misconduct, this Court must not allow further prejudicial delays by permitting removal to stand." *Id.*

15

This argument is unpersuasive for a number of reasons. First, the District timely filed a notice of removal after Ms. Yusuff filed her Amended Complaint—there is no indication that the District unnecessarily delayed removal. *See* Def. Ex. 1, ECF No. 1-2 at 661 (dating the Amended Complaint as filed on January 18, 2025); Notice of Removal, ECF No. 1 (filed on February 3, 2025). Second, the procedural background of this case in D.C. Superior Court makes clear that the legal bases for Ms. Yusuff's claims were not made clear until after she filed her Amended Complaint. Indeed, when the D.C. Superior Court judge granted in part and denied in part the District's Motion to Dismiss in that case, it ordered Ms. Yusuff to specify the bases of her claims in her Amended Complaint. *See* Def.'s Ex. 1, ECF No. 1-2 at 638. Therefore, Ms. Yusuff's assertion that the District acted in bad faith because it "had full knowledge of the [federal] claims from the outset" is incorrect. Moreover, it cannot be that any time a defendant *timely* removes to federal court after a plaintiff files an amended complaint that includes federal claims not clearly stated in their original complaint, the timeline for doing so shows bad faith. For all these reasons, Ms. Yusuff has not shown that the District acted in bad faith here.

### 4. Remand is Not Required in the Interests of Justice

Ms. Yusuff argues that remand is "necessary to ensure 1. [p]roper adjudication of [her] claims under D.C. laws; 2. [e]limination of unnecessary delays caused by [the District's] bad-faith removal; and 3. [f]air access to justice for a pro se litigant facing obstructionist litigation tactics." Mot. to Remand, ECF No. 12 at 3. In support, she argues that "[f]ederal courts routinely remand cases where state or local interests predominate to avoid unnecessary federal intervention." *Id.* at 4 (citing *Gonzalez v. Thaler*, 565 U.S. 134 (2012)).

Again, Ms. Yusuff's arguments are unpersuasive. As discussed above, there is no indication of the District's bad-faith in the timing or procedural posture of this case. For similar reasons, it does not appear that Ms. Yusuff is facing "obstructionist litigation tactics." The Court is sensitive to Ms. Yusuff's interests in "fair access to justice" and having her local claims litigated in D.C. Superior Court, especially given her *pro se* status, but Ms. Yusuff is the party who decided to include federal claims in her Amended Complaint, thus opening the door to federal jurisdiction. Therefore, the interests of justice do not require remand to D.C. Superior Court.

### 5. Ms. Yusuff's Procedural and Other Claims are Meritless

Finally, Ms. Yusuff argues that the District's removal is procedurally defective, and should be rejected for several other reasons.

On the procedural arguments, Ms. Yusuff claims that the District's removal was improper under 28 U.S.C. § 1446(b) because "Plaintiff was never properly served, and [the District] is attempting to manipulate procedural timing in its favor." Mot. to Remand, ECF No. 12 at 4 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)) (claiming that "Courts have ruled that failure to effectuate proper service can render removal improper"). She also contends that that District failed to obtain consent from all defendants. *See id.* She acknowledges that "[t]he notice states that the District is the only remaining defendant" but asserts that "it is unclear whether all prior defendants have properly exited the case." *Id.* As discussed above, the D.C. Superior Court granted the District's motion to dismiss as to the other defendants so the only defendant left in this case is the District. Therefore, no other consent to remove is possible.

In addition to these procedural arguments, Ms. Yusuff argues that the District's inconsistent document handling undermines its positions; its request for her "broad medical

records violates HIPPA and ADA protections"; and that the
District has engaged in pretextual justifications and
retaliatory patterns. *Id.* at 4–5. Ms. Yusuff includes a final
line in her request for relief that she seeks sanctions against
the District under Federal Rule of Civil Procedure 11 for
"abusing the removal process in an attempt to delay litigation
and intimidate plaintiff." *Id.* at 6.

     None of these arguments is persuasive. First, Defendant has
certified that Ms. Yusuff was properly served its notice of
removal and accompanying exhibit. *See* Opp'n to Mot. for Remand,
ECF No. 113 at 7 (citing Not. of Removal, ECF No. 1 at 4
(certifying that Plaintiff was mailed and emailed the Notice of
Removal and accompanying attachments on February 3, 2025); Ex.
A, Def.'s Not. of Removal (Sup. Ct., Feb. 3, 2025) (certifying
that Plaintiff was mailed and emailed the Superior Court Notice
of Removal and accompanying exhibit on February 3, 2025)). The
District also points out that Ms. Yusuff filed her Motion to
Remand only a few days after the government removed this case,
further showing that she had been served. *See id.*

     Second, the District also points out that there were no
other defendants remaining to consent to removal because the
D.C. Superior Court judge had dismissed the other District
agencies from the suit. *See id.* at 7-8; Def.'s Ex. 1, ECF No. 1-
2 at 638 (dismissing other district agencies with prejudice).

Third, the District argues that Ms. Yusuff's arguments that it engaged in bad faith and sought invasive information from her are unfounded. *See* Opp'n to Mot. to Remand, ECF No. 13 at 8. The Court already rejected Ms. Yusuff's argument about bad faith, and the District represents that it "has not engaged in or made any requests for discovery from [Ms. Yusuff] in this case—indeed, this case has not moved beyond the pleadings stage." *Id.* at 8. Ms. Yusuff does not dispute this representation in her Reply. *See* Reply to Mot. to Remand, ECF No. 14.

Fourth, Ms. Yusuff has not shown that sanctions are appropriate at this point, let alone warranted. Putting aside for the sake of argument how Ms. Yusuff has not followed the proper process to seek Rule 11 sanctions, *see* Opp'n, ECF No. 13 at 8; there is no indication that the District has acted in bad faith throughout this removal process and therefore her request would fail even if properly made.

The District has shown that this Court has Subject-Matter Jurisdiction over Ms. Yusuff's claims; and this is not a case where state law questions predominate over the federal questions. Additionally, there were no procedural defects in the District's removal to this Court, nor evidence of bad faith. For all the reasons explained above, Ms. Yusuff's Motion to Remand is **DENIED**.

### B. Motion to Dismiss

The District argues that Ms. Yusuff's Amended Complaint should be dismissed for: (1) failure to administratively exhaust her ADA claim; and (2) failure to state a claim upon which relief can be granted. *See generally* Mot. to Dismiss, ECF No. 15; Reply to Mot. to Dismiss, ECF No. 18. Ms. Yusuff disagrees and asserts that she sufficiently exhausted her claims and stated plausible claims, though she only provides specific support for her exhaustion argument. *See generally* Opp'n to Mot. to Dismiss, ECF No. 16. Additionally, Ms. Yusuff reiterates some of her arguments for removal to state court in her Opposition to the District's Motion to Dismiss. *See id.*

The Court is mindful of the latitude afforded to *pro se* plaintiffs when evaluating motions to dismiss. Indeed, the issues that Ms. Yusuff raises in her Amended Complaint, if supported, would be serious concerns. But even so, Ms. Yusuff must still demonstrate in response to the District's Motion to Dismiss *how* she survives this stage of litigation, which means in this case, she must explain how she states claims upon which relief can be granted. Because Ms. Yusuff fails to do so, the Court must **GRANT** the District's Motion to Dismiss, but it dismisses her case **WITHOUT PREJUDICE.**

**A. Failure to State a Claim**

The Court addresses Ms. Yusuff's response to the District's failure to state a claim argument first because that alone is dispositive of her case. The entirety of Ms. Yusuff's response on this point is:

> **Plaintiff's Claims Are Well-Pleaded and Plausible** – Defendant's motion misapplies the pleading standard under *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly.*

Opp'n to Mot. to Dismiss, ECF No. 16 at 1 (emphasis in original).

The Court disagrees with the District's assertion that Ms. Yusuff necessarily conceded that she failed to state a claim for any of the counts in her Amended Complaint because this was the extent of her counterargument. *See* Reply to Mot. to Dismiss, ECF No. 18 at 2 (citing *Lockhart v. Coastal Int'l Sec.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002)). It is clear that Ms. Yusuff does not concede this point. But, she fails to make any effort to support her broad assertion. Indeed, nowhere does Ms. Yusuff explain *how* Defendant "misapplie[d] the pleading standard under [*Iqbal*] and [*Twombley*]", nor how she satisfies this standard for any of her five claims.

In its Motion to Dismiss, the District went through each of Ms. Yusuff's five counts and explained the legal requirements to

state a claim under those laws; what facts Ms. Yusuff alleges in her Amended Complaint that could relate to that specific count; and its argument for why Ms. Yusuff fails to satisfy the legal requirements for that count based on what she alleges in her Amended Complaint. *See generally* Mot. to Dismiss, ECF No. 15 at 12-22. Ms. Yusuff does not address any of these points.

For Count I, Retaliation under the ADA, the District explained the legal elements that a plaintiff must show to state a *prima facie* case, and it argued why Ms. Yusuff "has not plausibly alleged that she engaged in protected activity"; "has not shown a causal link between her OHR and ODR complaints and any materially adverse action"; and "has not shown any temporal proximity between protected activity (even if she had engaged in any) and any materially adverse action." *Id.* at 12-13. As such, the District argued that Ms. Yusuff's "allegations do not show causation" nor "materially adverse actions", meaning her Amended Complaint fails to state a claim under Count I. Ms. Yusuff refutes none of these assertions in her Opposition, and her Amended Complaint lacks non-conclusory statements to support this cause of action.

For Count II, Discrimination under the ADA, the District similarly laid out the legal requirements for the claim and why it alleges Ms. Yusuff fell short of these requirements. *See id.*

at 13-16.[10] Specifically, it cites to inconsistencies between Ms.
Yusuff's Amended Complaint and her EEOC Charge as to whether she
was indeed granted accommodations, the denial of which is an
element of an ADA discrimination claim. *See id.* at 14.
Additionally, the District argues that Ms. Yusuff has not
alleged that she meets the definition of a person with a
disability under the ADA; nor that she was "subjected to a
hostile work environment based on disability." *Id.* at 14-16.
Again, Ms. Yusuff disputes none of these arguments, and her
Amended Complaint fails to allege how she qualifies for an ADA
claim.

For Count III, Violations of the FMLA, the District states
the purpose of FMLA leave and protections, then defines what the
law requires to show an FMLA violation and why it asserts that
Ms. Yusuff has failed to do so. *See id.* at 16-17. Specifically,
it argues that Ms. Yusuff "does not plead facts necessary to
establish either an FMLA interference claim [n]or a[n] FMLA
retaliation claim." *Id.* at 17. It faults Ms. Yusuff for failing
to state with any specificity how she faced harassment or

---

[10] The District also notes that the United States Court of
Appeals for the District of Columbia ("D.C. Circuit") has not
yet determined whether a hostile work environment claim is
actionable under the ADA. *See* Mot. to Dismiss, ECF No. 16 at 15
n. 4 (citations omitted); *see also Hill v. Assocs. for Renewal
in Educ., Inc.*, 897 F.3d 232, 236 (D.C. Cir. 2018)
(acknowledging and not reaching the question).

retaliation, "when she sought FMLA leave, what her serious health condition was, or whether she gave her employer adequate notice of her intention to take leave." *Id.* Again, Ms. Yusuff offers no response to any of these arguments, and the facts alleged in her Amended Complaint, *see* Def.'s Ex. 1, ECF No. 1-2 at 662–63, are not enough to make this claim facially plausible.

For Count IV, Violations of the DCHRA, the District again explains what legal elements are required for such a claim and argues that Ms. Yusuff's claims here fail for the same reason as her ADA claims. *See id.* at 17–20. Specifically, it argues that Ms. Yusuff "has not alleged that she is a member of a protected class, that she suffered harassment as a result of her membership in that class, or that the alleged harassment was severe or pervasive enough to create an abusive working environment." *Id.* at 19. Additionally, it contends that Ms. Yusuff "does not allege an actionable hostile work environment . . . ." and that "even if the Court were to find that [Ms. Yusuff's allegations of workplace hostility] are the result of discriminatory conduct," they "are not enough to show pervasive, workplace abuse as required to successfully state a hostile work environment claim." *Id.* at 19–20 (citation omitted). Once more, Ms. Yusuff fails to dispute any of these arguments, and her Amended Complaint lacks sufficient factual support for these claims.

Finally, for Count V, Violations of the DCWPA, the District again shows the legal requirements for a DCWPA claim and provides its argument for why Ms. Yusuff fails to plausibly allege these elements. *See id.* at 20-22. It asserts that Ms. Yusuff "includes virtually no facts in support of her purported DCWPA claim." *Id.* at 21. The District argues that Ms. Yusuff gives no details that would show she "made a protected disclosure under the DCWPA" and fails to show a causal link "between the alleged retaliatory actions and her OHR and ODR complaints." *Id.* Again, Ms. Yusuff declines to refute any of these specific arguments in her Opposition, and her Amended Complaint lacks any relevant details.

Ms. Yusuff's failure to dispute any of the District's arguments, or attempt to justify her claims, with any degree of specificity in her Opposition is especially notable when considering the procedural background of her case. When Ms. Yusuff first brought her Complaint in D.C. Superior Court and the District filed its Motion to Dismiss there, it argued in part in its Reply brief that Ms. Yusuff had conceded certain arguments by failing to dispute them. *See* Def. Ex. 1, ECF No. 1-2 at 633. The D.C. Superior Court ultimately agreed with the District's arguments, but did not say whether it agreed that Ms. Yusuff conceded these arguments. *See id.* at 638. The D.C. Superior Court also agreed with the District that Ms. Yusuff

26

could not attempt to amend her complaint and add causes of
action through her Opposition to the District's Motion to
Dismiss in D.C. Superior Court, but it dismissed without
prejudice and allowed Ms. Yusuff to file an amended complaint
"clearly alleging any such causes of action [, Discrimination
claims based on District or federal law,] and the essential
facts supporting them." *Id.* at 638.

    Ms. Yusuff therefore would have reasonably known that she
had to demonstrate the legal bases and facts of her claims in
her Amended Complaint. But instead of explaining how she did so
in her Opposition to the District's Motion to Dismiss in this
Court, Ms. Yusuff chose to make a broad statement of
disagreement, then focus much of her response on why her case
should be remanded to D.C. Superior Court. Even though the Court
is mindful of the need to give Ms. Yusuff latitude as a *pro se*
plaintiff, it is clear on this record that she had notice of her
requirements to allege sufficiently-supported and specific
counts in her Amended Complaint, and how to survive a motion to
dismiss, but failed to do so.

    Aided in its review of Ms. Yusuff's Amended Complaint only
by the District's arguments and lacking any specific response
from Ms. Yusuff, the Court agrees that she fails to state a
claim upon which relief can be granted for any of these counts.

27

Therefore, Ms. Yusuff's Amended Complaint is **DISMISSED** in its entirety.

The District asks that the Court dismiss Ms. Yusuff's complaint with prejudice. *See* Mot. to Dismiss, ECF No. 15 at 22. Ms. Yusuff does not make any request nor argument that if the Court dismisses her Amended Complaint, it should do so without prejudice; nor has she sought leave to amend her Amended Complaint. But the D.C. Circuit has held that dismissal with prejudice is "warranted *only* when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012). Because it is possible that additional factual allegations could cure some of the deficiencies in Ms. Yusuff's Amended Complaint, the Court will dismiss it **WITHOUT PREJUDICE.**

### B. Exhaustion

The Court need not reach the question of exhaustion of Ms. Yusuff's ADA claim because it dismisses the entirety of her Amended Complaint on the grounds stated above.

### IV. Conclusion

For the reasons explained above, the Court **DENIES** Ms. Yusuff's Motion to Remand, ECF No. 12; and **GRANTS IN PART** the District's Motion to Dismiss, ECF No. 15, and **DISMISSES** Ms. Yusuff's Amended Complaint **WITHOUT PREJUDICE.**

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
             **United States District Judge**
             **April 29, 2025**